UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X

SPIN MASTER, LTD.

                Plaintiff,

  - against -

AOMORE-US; LEQIONG a/k/a
XIAOGAN LEQIONGSHANGMAOYOUXIANGONGSI;
MONKKI a/k/a ZHONGXIANGSHI
HENGHAOMAOYIYOUXIANGONGSI,
ONECEMORE a/k/a
SHENZHEN JINFANCHUANMEIYOUXIANGONGSI,
ROPWOL, YUCMED STORE,
and CHENGHAI LUCKY BOY TOYS CO., LTD.,

                Defendants.

Case No. 23 Civ. 7099-DEH

Hon. Dale E. Ho

------------------------------------------------------------------------------- X

# MEMORANDUM OF LAW IN FURTHER SUPPORT
# OF PLAINTIFF'S MOTION FOR ATTACHMENT

Kevin N. Ainsworth
Kara M. Cormier
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Ave.
New York, NY 10022
Tel: (212) 935-3000
Fax: (212) 983-3115
kainsworth@mintz.com
kmcormier@mintz.com

Andrew D. Skale (*pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Rd., Ste 300
San Diego, California 92130
Tel:   (858) 314-1500
Fax:   858-314-1501
adskale@mintz.com

*Attorneys for Plaintiff*

Pursuant to this Court's Order, dated October 18 (Dkt. No. 32), plaintiff Spin Master, Ltd. ("Spin Master") submits this memorandum in further support of its motion for attachment.[1]

## ARGUMENT

**I.     Attachment is Necessary to Secure a Judgment**

Under the circumstances present here, an attachment of Defendants' assets at Amazon, Walmart, and PayPal is necessary to secure a judgment. *See TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 586–87 (S.D.N.Y. 2012).

Defendants are not incorporated in and have no physical presence in New York—nor anywhere in the United States. Defendants have reached into the United States from abroad by advertising and selling infringing products in the US online, all while providing fake address information,[2] which frustrated any ability to locate their true place of business. Their effort to remain anonymous is consistent with their desire to escape accountability. That alone gives Spin Master a reasonable fear that they will attempt to hide assets, and thus should be sufficient to support an attachment of any assets that can be located within the United States.

As this Court has held, "the fact that the Defendant is a private, foreign company without any apparent business operations in New York increases the likelihood and ease with which Defendant could render itself judgment-proof in this jurisdiction." *Herzi v. Ateliers De La Haute-Garonne*, 2015 WL 8479676, at *3 (S.D.N.Y. Oct. 13, 2015); *see also Dama S.P.A. v. Does*, 2015

---

[1] Spin Master's motion established a likelihood of success on the merits. The Court's Order requested a further brief only as to the topic of "why there exists a genuine risk that a judgment will not be enforceable in New York without grant of Plaintiff's application for TRO and attachment." Accordingly, this brief does not address the other elements, including likelihood of success on the merits.

[2] Defendants are based in China and sell infringing products online via Amazon.com and Walmart.com with the use of services by PayPal, but have provided false address information to Amazon. *See* Dkt. No. 15 at 6, 14; Dkt. No. 16 ¶ 14.

WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (granting request to freeze assets held by PayPal); *AW Licensing, LLC v. Bao*, No. 15- CV-1373, 2015 WL 10793466, at *1 (S.D.N.Y. Aug. 7, 2015) (restraining third party accounts, including PayPal, and enjoining asset transfers). Whatever assets Defendants have at Amazon, Walmart, and PayPal can easily be removed from the United States to Defendants' home jurisdiction, frustrating enforcement of a judgment. Indeed, this Court has acknowledged that risk in this action; the risk existed when the Complaint was filed and *still exists*. (Dkt. No. 32 at 3.) That risk is heightened now that Defendants know Spin Master is seeking a preliminary injunction.[3] While it is possible that Defendants may have already moved some of their assets outside the United States (a fact to be probed in discovery), an attachment should be granted to preserve any assets remaining within the United States.

This Court frequently issues orders of attachments against foreign infringers under similar circumstances. *See, e.g., Off-White LLC v. Guangzhou Kesi E-Commerce Co., Ltd.*, 2023 WL 5928625, at *5 (S.D.N.Y. Aug. 28, 2023) (Liman, D.J.); *Moonbug Ent. Ltd. v. All Night Revelry Store*, 2022 WL 72347, at *5 (S.D.N.Y. Jan. 6, 2022) (Schofield, D.J.); *FoxMind Canada Enterprises Ltd. v. 1788 toy Store*, 2021 WL 2887874, at *4 (S.D.N.Y. July 7, 2021) (Failla, D.J.); *Rovio Entertainment Corp. v. All Printed Clothes Factory Store*, 2021 WL 4894081 (S.D.N.Y. Oct. 10, 2021) (Cote, D.J.); *Palace Skateboards Grp. v. a5dhgates*, 2022 WL 12511922, at *4 (S.D.N.Y. Oct. 19, 2022) (Kaplan, D.J.); *Allstar Mktg. Grp., LLC v. BackforthTradeltd*, 2020 WL 6731036, at *5 (S.D.N.Y. Nov. 12, 2020) (Engelmayer, D.J.); *FoxMind Canada Enterprises Ltd. v. ACEXL*, 2023 WL 2681990, at *4 (S.D.N.Y. Mar. 27, 2023) (Cronan, D.J.); *Mattel, Inc. v. Chongqing Senjianan E-Com. Co.,* 2022 WL 1154475, at *4 (S.D.N.Y. Apr. 19, 2022) (Rakoff,

---

[3] When this case was filed, Defendants informed this Court that they wanted to try to settle this case. (Dkt. No. 29.) However, Defendants have made no subsequent settlement overtures.

D.J.); *Bang & Olufsen A/S v. 15626122961 et al.*, 2021 WL 223490 (S.D.N.Y. Jan. 21, 2021) (Oetken, D.J.); *Ideavillage Prod. Corp. v. A1559749699-1*, 2020 WL 4248508, at \*5 (S.D.N.Y. July 21, 2020) (Vyskocil, D.J.); *Kyjen Co., LLC v. Individuals, et al*, 2023 WL 1345781, at \*1 (S.D.N.Y. Jan. 31, 2023) (Rearden, D.J.); *Kelly Toys Holdings, LLC v. Child. 777 Store*, 2022 WL 1057453, at \*8 (S.D.N.Y. Apr. 5, 2022) (Carter, D.J.); *FoxMind Canada Enterprises Ltd. v. Beijing Hui Xin Zhi Xiang Shangmao Youxian Gongsi*, 2022 WL 17417804, at \*4 (S.D.N.Y. Nov. 30, 2022) (Koeltl, D.J.); *Moonbug Ent. Ltd. v. Aijimichuangyi*, 2023 WL 2784841, at \*2, \*4 (S.D.N.Y. Apr. 3, 2023) (Hellerstein, D.J.).

For example, in *Herzi*, 2015 WL 8479676, at \*8-9, this Court (then District Judge Richard J. Sullivan) granted an attachment in favor of a plaintiff (a former attorney of the defendant) where that defendant (a) had kept secrets from its attorney about the resolution of a case in which the former attorney had represented that defendant, (b) had assets in New York that were "liquid and thus easily transferable"; and (c) was "a private, foreign company without any apparent business operations in New York." Those circumstances, the Court held, "increase[d] the likelihood and ease with which Defendant could render itself judgment-proof in this jurisdiction." *Id.*

In *TAGC Mgmt., LLC*, the Court (then District Judge Richard J. Holwell) explained: "a reviewing court must determine whether the defendant has assets within the State that could satisfy a judgment and whether petitioner's fear that the judgment will not be satisfied is reasonable." 842 F. Supp. 2d at 586–87 (citations omitted). Here, Defendants have not furnished any evidence of assets they own in New York that would satisfy a judgment. Spin Master's fear that the judgment will not be satisfied is reasonable, and it appears likely that Spin Master will have difficulty enforcing a judgment. Hence, attachment here is justified.

**II.     The Timing of this Motion Does not Alter the Need for an Attachment**

As noted, there is a need for attachment *now*, although the case has been on the docket for about two months. That short gap in time does not diminish the risk that Defendants will take action to frustrate enforcement of a judgment. *See*, *e.g.*, *TAGC Mgmt.*, 842 F. Supp. 2d at 575 (complaint filed in September 2010; attachment decision issued in January 2012).

The circumstances have changed since the outset of this action. When this action was filed, the parties had exchanged settlement proposals. (Dkt. Nos. 21, 24.) Thereafter, Defendants changed counsel, and no discussions have occurred.

Spin Master's motion for a preliminary injunction to enjoin Defendants' infringement also is new. With knowledge of that motion, Defendants have a further incentive to secrete their assets and to hide the infringing products, if only to relist them under newly created storefronts with a new identifying number (which Amazon calls ASIN). This has been a frequent problem encountered by Spin Master, like a game of whack-a-mole; Amazon removes an infringing listing, and the infringing product appears again under a different storefront and a new ASIN.

Finally, as noted, although Defendants have had time to secrete assets outside the United States, an attachment should issue to secure any remaining assets. Adapting an old adage: even if *some* horses have left the barn when the door was open, you should still close the door to prevent any remaining horses from leaving. The same is true here.

## CONCLUSION

For the foregoing additional reasons, Spin Master's attachment request should be granted.

DATED:  October 19, 2023

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

*/s/* Kevin N. Ainsworth
Kevin N. Ainsworth
Kara M. Cormier
919 Third Ave.
New York, NY 10022
Tel:   (212) 935-3000
kainsworth@mintz.com
kmcormier@mintz.com

Andrew D. Skale (*Pro Hac Vice*)
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:   (858) 314-1500
adskale@mintz.com

*Attorneys for Plaintiff* SPIN MASTER, LTD.

510277733v.5