UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER, LTD.,<br><br>                         Plaintiff(s),<br><br>           v.<br><br>AOMORE-US, et al.,<br><br>                         Defendant(s). | 23-CV-7099 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

    WHEREAS the Court's order from the bench and minute entry on October 20, 2023, required the parties to confer in good faith and file by October 24, 2023 a joint proposal on points of agreement regarding the scope of and timeline for expedited discovery; a proposed timeline for preliminary injunction briefing; and a proposed preliminary injunction hearing schedule;

    WHEREAS the parties were ordered in the alternative to provide the Court with a precise list of the specific areas of disagreement on which the parties would like the Court to rule;

    WHEREAS the parties have submitted a 19-page joint proposal, the "vast majority" of which is disputed (ECF No. 46);

    IT IS HEREBY ORDERED as follows.

1. The parties shall meet and confer in good faith and submit a proposed Confidentiality Order for the Court's consideration by **November 1, 2023**.

2. The disputes herein relate to parties' expedited discovery only, and they may choose to seek additional discovery in the regular course.

3. To the extent any subpoenas are authorized by the Court in response to the below paragraphs, those subpoenaed third parties shall not be precluded from objecting.

4. Defendants' deadline to respond to the Complaint is STAYED pending resolution of the preliminary injunction motion.

5. Plaintiff's Requests to Defendants.

    a. On or before **November 3, 2023**, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

        i. its legal business name, principal business address, and any United States addresses where it conducts business;

        ii. the name and contact information for its officer(s), director(s), general manager(s), and principal contact(s);

        iii. the URL (including at least the top and second level domains) of all websites that it has used to advertise, market, promote, distribute, offer for sale, or sell any of the Accused Products (as defined by the parties in ECF No. 46) in the United States;

        iv. an Identification of any storefronts through which Defendants have advertised, marketed, promoted, distributed, offered for sale, or sold the Accused Products in the United States on the domains identified above; and

        v. an Identification of any brick-and-mortar retail stores located in the United States at which Defendants have advertised, marketed, promoted, distributed, offered for sale, or sold the Accused Products.

    b. On or before **November 17, 2023**, each Defendant shall produce the following Documents:

      i. Documents sufficient to show, on a quarterly basis, the sales of Accused Products in the United States or for importation into the United States, including quantity, price, and the marketplace(s) through which they were sold;

      ii. Documents sufficient to show any manufacture of Accused Products in the United States; and

      iii. Any prior art that it plans to assert in relation to the '897 Patent, including existing English translations of any foreign patent or publication.

  c. On or before **November 22, 2023**, the Defendants shall serve upon Plaintiff's counsel:

      i. the invalidity contention disclosures required by Local Patent Rule 7 with respect to Claim 1 of the '897 Patent ("Claim 1"); and

      ii. the joint claim terms chart required by Local Patent Rule 11 with respect to Claim 1.

6. Defendants' Requests to Plaintiff.

  a. On or before **November 3, 2023**, Plaintiff shall provide the following:

      i. infringement contention disclosures required by Local Patent Rule 6 with respect to Claim 1; and

      ii. the list of claim terms within Claim 1 that it seeks to construe.

  b. On or before **November 6, 2023**, Plaintiff shall produce the following:

      i. all documents that mention, refer, or relate to Defendants, the Accused Products, and any alleged infringement of the '897 Patent by the Accused Products; and

      ii. all Communications with Amazon concerning Defendants;

    a. On or before **November 10, 2023**, Plaintiff shall serve upon Defendants' counsel a written report under oath providing:

        iii. the approximate date on which Plaintiff learned of each of the Defendants' sales of the Accused Products;

        iv. an identification of all licensing and/or assignment agreements concerning the '897 Patent;

        v. an identification of all products manufactured by Plaintiff and/or its licensees that are covered by the '897 Patent;

        vi. for each of the products identified above, a statement as to how the product was marked with the '897 Patent pursuant to 35 U.S.C. § 287, when that marking began, and whether there have been any changes in the marking format since; and

        vii. all prior art to the '897 Patent known to Plaintiff that would be "material to patentability" pursuant to 37 CFR § 1.56.

7. Plaintiff's Third-Party Discovery Requests.

    a. Plaintiff may serve expedited subpoenas upon Amazon.com, Inc. ("Amazon") and Walmart Inc. ("Walmart") seeking the following:

        i. defendants' account numbers;

        ii. sales data for the Accused Products, including seller identification, dates of sales, number of units sold, and price per unit; and

        iii. documents identifying Defendants and their user accounts and storefronts (including account opening records) through which any of the Accused Products were advertised, offered for sale, and/or sold, including, but not

       limited to, names, addresses and e-mail addresses, and other contact information.

8. Defendants' Third-Party Discovery Requests.

    a. Defendants may serve expedited subpoenas upon Leonard R. Clark Jr. and H. Peter Greene, Jr. seeking the following:

        i. all documents and things concerning the conception and reduction to practice of any alleged invention of the '897 Patent, including inventor notebooks, files, prototypes, sketches, computer files or memoranda;

        ii. all documents and communications relating to the licensing, purchase, and acquisition of the '897 Patent and any related patents and/or patent applications;

        iii. all documents that mention, refer, or relate to the '897 Patent or the prosecution of the '897 Patent and any related patents and/or patent applications;

        iv. all documents and communications which questioned or challenged the validity, claim construction, inventorship, enforceability, or ownership of any claim(s) of the '897 Patent; and

        v. all prior art material to the patentability of the '897 Patent.

9. It is FURTHER ORDERED that the deadlines for preliminary injunction briefing are as follows:

    a. Defendants' opposition brief to Plaintiff's motion for a preliminary injunction: **December 1, 2023**.

    b. Plaintiff's reply brief, if any: **December 15, 2023.**

    c. No further briefing will be accepted.

10. It is FURTHER ORDERED that the preliminary injunction hearing shall take place on **January 12, 2024, at 10:30 a.m.**, at the Thurgood Marshall United States Courthouse, located at 40 Foley Square New York, NY 10007, Courtroom 905.

SO ORDERED.

Dated: October 27, 2023
   New York, New York

_____
DALE E. HO
United States District Judge