UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
SPIN MASTER, LTD.

                        Plaintiff,

    - against -

AOMORE-US; LEQIONG a/k/a XIAOGAN
LEQIONGSHANGMAOYOUXIANGONGSI;
MONKKI a/k/a ZHONGXIANGSHI
HENGHAOMAOYIYOUXIANGONGSI,
ONECEMORE a/k/a SHENZHEN
JINFANCHUANMEIYOUXIANGONGSI,
ROPWOL, YUCMED STORE, and
CHENGHAI LUCKY BOY TOYS CO., LTD.,

                        Defendants.
-----------------------------------------------------------------------X

Case No. 23 Civ. 7099 (DEH)

Hon. Dale E. Ho

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, pursuant to F.R.C.P. 26(c) and 29, by and between Plaintiff Spin Master, Ltd. ("Plaintiff"), and Defendants Leqiong, Monkki, Onecemore, and/or Chenghai Lucky Boy Toys Co., Ltd. ("Defendants"), and, subject to the approval of the Court pursuant to F.R.C.P. 26(c), that the following Stipulation and Protective Order ("Order") shall govern the handling of discovery documents and information, which shall consist of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively "information"):

1.    Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (collectively, the "Confidentially Designated Information") under this Order shall be used solely for purposes of the preparation and trial of this action and any related appellate proceeding (the

1

"Litigation") and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the Producing Person (as defined in Paragraph 2) or leave of the Court.

2. The term "Producing Person" shall mean any party or non-party who produces or discloses information in the Litigation. The term "Receiving Party" shall mean any person to whom information is produced or disclosed in the Litigation.

3. Information may be designated "CONFIDENTIAL" by any Producing Person or its Counsel if the Producing Person has a good-faith belief that the information is non-public, confidential, or proprietary information, whether personal or business-related. The designation shall be made at the time of delivery of the information to the Receiving Party. The designation shall be made by marking the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document or materials so designated.

4. Information may be designated "ATTORNEYS EYES ONLY" if the Producing Person deems the information to be particularly sensitive, so that even its limited use by the Receiving Party in connection with the Litigation would risk the loss of a significant competitive advantage, which may include, but is not limited to current and highly confidential business plans or strategies, commercial, financial, customer, personnel or personal information. The designation shall be made at the time of delivery of the information to the Receiving Party. The designation shall be made by marking the words "ATTORNEYS EYES ONLY" or "ATTORNEYS EYES ONLY--SUBJECT TO PROTECTIVE ORDER" on the face of the document or materials so designated.

5. Any Producing Person or counsel for such Person may designate deposition or other testimony as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Such designation may be

made either on the record during the testimony or at any time within 14 days after receipt of the transcript of the testimony. All transcripts shall be treated as Confidential until the expiration of 14 days after receipt of the transcript unless the Producing Person designates otherwise.

6. Information designated as "CONFIDENTIAL" and any summaries or reproductions of the information shall not be disclosed to any person except:

   a. The parties, including all officers, directors, managers and employees of the parties, including in-house counsel;

   b. U.S. counsel for the parties and persons in that counsel's employ who are assisting in the conduct of the Litigation;

   c. Experts retained to testify at trial or consultants retained or engaged by a party in preparation for trial (collectively "Consultants") and persons in their employ who are assisting in the conduct of the Litigation, each of whom has been identified in accordance with Paragraph 10 and has signed the agreement annexed hereto as Exhibit A;

   d. The Court, including any appellate court and Court personnel assisting the Court in its adjudicative functions;

   e. Persons who either prepared or previously received the information;

   f. Stenographic reporters and/or video operators engaged by a party or the Court for purposes of the Litigation, provided such disclosure is made in connection with the duties of the reporter and/or video operator in the Litigation;

   g. Outside photocopying, translation, document management, and exhibit preparation services engaged by a party for purposes of the Litigation; and

      h.    Any person whom the Producing Person agrees in writing or on the record at a deposition or court proceeding may be shown the information.

      7.    Information designated as "ATTORNEYS EYES ONLY" and any summaries or reproductions of the information shall not be disclosed to any person except the persons identified in subsections (b) through (h) of Paragraph 6.

      8.    Notwithstanding the provisions of Paragraphs 6 and 7, this Order shall not (a) prevent any Producing Person from using or disclosing its own Confidentially Designated Information as it deems appropriate, (b) preclude any party from disclosing to an employee, officer, or Consultant of a Producing Person, during the testimony of that employee, officer, or Consultant, any information provided by the Producing Person, or (c) preclude or limit any party from the lawful use of any information obtained from a source other than the Producing Person. Before any disclosure may be made under subsection (b) above, any person in attendance during such testimony to whom disclosure is not permitted under the terms of this Order shall be required to depart the room and shall remain absent during any testimony related to the Confidentially Designated Information.

      9.    Receipt of information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall not constitute an admission by a Receiving Party or evidence that the information is appropriately designated by the Producing Person. A Receiving Party may at any time request that the Producing Person or the Court reclassify (a) ATTORNEYS EYES ONLY Information as either Confidential Information or non-confidential information or (b) Confidentially Designated Information as non-confidential information. Confidentially Designated Information shall be treated pursuant to its designation unless and until (a) the Producing Person agrees to redesignate the information, or (b) the Court rules that information so designated is not of the character defined

4

in Paragraphs 3 and 4 or otherwise redesignates the information. The burden of proof in any motion challenging the designation of information as CONFIDENTIAL or ATTORNEYS EYES ONLY shall be on the Producing Person to justify the appropriateness of the designation, but no such motion shall be made until after the Receiving Party and the Producing Person have, in good faith, attempted to resolve any dispute concerning the appropriateness of the designation.

10. Before a party may disclose to a person identified in Paragraph 6(c) (the "Proposed Recipient") another person's Confidentially Designated Information, counsel must: (a) inform the person of the confidential nature of the information or documents; (b) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and (c) require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

11. All signed Undertakings shall be retained by counsel for the party employing the person(s) who signed an Undertaking.

12. This Order is not intended to change the procedure by which any discovery of Consultants proceeds under the Federal Rules of Civil Procedure, including Rule 26(b)(4). This Order shall not constitute (a) an agreement to produce any information in discovery not otherwise agreed upon or required to be produced, (b) a waiver of any right to object to any discovery in this or any other action, and (c) a waiver of any claim of immunity or privilege with regard to any information. Confidentially Designated Information used or relied upon by a Consultant shall not lose its status as Confidentially Designated Information solely because it is used or relied upon by the Consultant.

13. Filing Papers with the Court. Notwithstanding the designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY in discovery, there is no presumption that such designations alone will support a request that the Court maintain that information under seal. A Receiving Party who seeks to publicly file Confidentially Designated Information via ECF shall comply with Judge Dale Ho's Individual Rules and Practices in Civil Cases (in effect on Oct. 19, 2023 and as may later be revised). Where a Party knows prior to any open-court proceeding in this matter that it desires to use Confidentially Designated Information in that proceeding, the Party desiring to offer or use such Confidentially Designated Information shall attempt to meet and confer in good faith with the Producing Party prior to such proceeding to give the parties an opportunity to agree on a procedure for presenting the Confidentially Designated Information to the Court.

14. If a Receiving Party or its consultant receives a subpoena from a non-party to the Litigation seeking production or other disclosure of Confidentially Designated Information, notice shall timely be given to counsel of record for the Producing Person by e-mail or other writing, identifying the information sought and arranging for transmission of a copy of the subpoena (or a redacted copy of the subpoena to the extent that the subpoena contains confidential information that cannot be shared in full with the Producing Person). Where possible, at least ten business days' notice before production or other disclosure shall be given. In no event, absent Court order, shall production or disclosure of Confidentially Designated Information be made before notice is given. This Order shall not be construed as requiring the Receiving Party to subject itself to any penalties for noncompliance with any subpoena, discovery request, or legal process, or to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

15. The parties shall instruct all court reporters and video operators employed by them in the Litigation that no copy of any transcript that is designated in part or in whole as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and no copy of any exhibit that is designated in part or in whole as CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall be prepared for, or furnished by the reporter to, any person other than to counsel for the parties and the deponent or his or her counsel.

16. The provisions of this Order shall survive the conclusion of this Litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. Within sixty days after the final termination of the Litigation, each Receiving Party shall destroy or return to the Producing Person all Confidentially Designated Information provided by that Producing Person. Each law firm representing a party or a deponent may keep and not destroy one copy of all court pleadings and briefs containing Confidentially Designated Information, one copy of all transcripts containing Confidentially Designated Information, and copies of documents incorporating or referring to the Confidentially Designated Information which are inextricably intermingled with the work product of that party's counsel. All documents retained by counsel that contain Confidentially Designated Information shall remain subject to this Order. The Court shall retain jurisdiction to enforce this Order after the termination of the Litigation.

17. If Confidentially Designated Information is disclosed to any person other than in a manner authorized by this Order, the person responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Person whose information was disclosed, and shall work in good faith with that Producing Person to retrieve the information. Nothing in this paragraph shall limit the remedies to which such Producing Person may be entitled as a result of the disclosure.

18. The inadvertent or mistaken disclosure of any Confidentially Designated Information by a Producing Person, without a designation permitted by Paragraphs 3 and 4, shall not constitute a waiver of any claim that the information is entitled to protection under this Order, provided the Producing Person gives prompt written notice of the desired designation to all parties after discovery of such inadvertent or mistaken disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Person shall provide properly marked information to each party to whom the information was disclosed. Upon receipt of the properly marked information, the Receiving Party shall (a) return to the Producing Person, or destroy, the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom such disclosure was made.

19. <u>Pursuant to Federal Rules of Evidence 502(d):</u> The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). After a request to return privileged or protected information has been made, such information (and all copies thereof) shall promptly be returned to the Producing Person, no use shall be made of such information other than to challenge the propriety of the asserted privilege, and such information shall not be disclosed to anyone who has not already been given access to the information.

20. The parties agree to be bound by this Order once executed by the parties and pending the entry of this Order.

21.   In the event that any Confidentially Designated Information is used at trial or in a court hearing in the Litigation, counsel shall confer regarding procedures to protect the confidentiality of the Confidentially Designated Information used in the court proceeding.

22.   The Court reserves the right, upon a motion of any party or on its own, to amend or modify this Order as circumstances and justice may dictate.  This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order.  This Order also may be amended by the written agreement of counsel for the parties and any non-party who has produced Confidentially Designated Information subject to this Order, if filed with the Court for approval.

23.   In entering into this Stipulation and appearing by counsel in this Court for the purposes of submitting this Stipulation, Defendants do not waive and hereby expressly reserve any defenses they may assert related to service, personal jurisdiction, venue, and all other defenses.

Dated: November 1, 2023

| | |
|---|---|
| */s/ Kevin N. Ainsworth* | */s/ Sandra A. Hudak* |
| Kevin N. Ainsworth | Tuvia Rotberg |
| Kara M. Cormier | Mark Berkowitz |
| MINTZ, LEVIN, COHN, FERRIS, | Sandra A. Hudak |
| GLOVSKY AND POPEO, P.C. | Eliezer Lekht |
| 919 Third Ave. | TARTER KRINSKY & DROGIN LLP |
| New York, NY 10022 | 1350 Broadway |
| Tel:   (212) 935-3000 | New York, NY 10018 |
| kainsworth@mintz.com | Tel.:   (212) 216-8000 |
| kmcormier@mintz.com | E-mail:  trotberg@tarterkrinsky.com |
| | mberkowitz@tarterkrinsky.com |
| Andrew D. Skale (*Pro Hac Vice*) | shudak@tarterkrinsky.com |
| MINTZ, LEVIN, COHN, FERRIS, | elekht@tarterkrinsky.com |
| GLOVSKY AND POPEO, P.C. | |
| 3580 Carmel Mountain Road, Suite 300 | *Attorneys for Defendants Leqiong, Monkki,* |
| San Diego, CA 92130 | *Onecemore, and Chenghai Lucky Boy Toys* |
| Tel: (858) 314-1500 | *Co., Ltd.* |
| adskale@mintz.com | |

*Attorneys for Plaintiff*

## **ORDER**

Pursuant to the stipulation of the parties and for good cause shown, IT IS HEREBY ORDERED as set forth above.

Dated: November 3, 2023　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　DALE E. HO
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York

## **EXHIBIT A**

[Name and Address of
Proposed Recipient of
Confidential Material]

[Name and Address of Counsel
Proposing to Show Confidential
Material to a Third Party]

          Re:    *Spin Master Ltd.. v. Aomore-US et al.*,
                 U.S. District Court, Southern District of New York
                 <u>Civil Action No. 23 Civ. 7099 (DEH)</u>

Dear Counsel:

      You have proposed to disclose to me information or material which has been designated as "Confidential" or "ATTORNEYS EYES ONLY" in the referenced litigation. This will acknowledge:

      a.    I have reviewed a copy of the Stipulated Protective Order (the "Order") in the referenced action.

      b.    I agree to comply with the Order in all respects.

      c.    I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for adjudication of any dispute about whether I have complied with the Order.

[Signature of Proposed Recipient
of Confidential Material]

510548309v.8