UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AOMORE-US et al., <br><br> Defendants. | Case No. 1:23-cv-07099-DEH |

**DEFENDANTS LEQIONG, MONKKI, ONECEMORE,
AND CHENGHAI LUCKY BOY TOYS CO., LTD.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND
<u>VACATE COURT'S ORDER AUTHORIZING ALTERNATIVE SERVICE</u>**

Pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Leqiong, Monkki, Onecemore, and Chenghai Lucky Boy Toys Co., Ltd. (collectively, "Defendants") respectfully submit this memorandum in support of their motion to dismiss Plaintiff Spin Master, Ltd.'s ("Plaintiff" or "Spin Master") Complaint (ECF No. 1), and motion to vacate the Court's Order Granting Plaintiff's Motion for Alternative Service (ECF No. 19).

Pursuant to the Court's instructions (ECF No. 78), Defendants state that they join in each of the arguments already raised by Defendant Yucmed Store ("Yucmed") in its Motion to Dismiss (ECF Nos. 68 & 69) and do not repeat those arguments here. To the extent that there are additional factual allegations specific to these Defendants, and relevant to the legal arguments already raised by Yucmed, they are set forth briefly below.

**I.   SERVICE ON DEFENDANTS WAS IMPROPER, AND THUS THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS**

Just like in Yucmed's case, the legal name and address information for each of Defendants

1

Leqiong, Monkki, and Onecemore have been readily available on their Amazon.com and/or Walmart.com storefronts at all relevant times:

| Leqiong ⊘ Pro Seller | Monkki | Onecemore |
|---|---|---|
| ★★★★½ See all 36 reviews<br>4.7 stars out of 5 | Visit the Monkki storefront<br>★★★★★ \| 96% positive in the last 12 months (52 ratings) | Visit the Onecemore storefront<br>★★★★★ \| 100% positive in the last 12 months (68 ratings) |
| 🏠 Business Name: Xiaogan Leqiongshangmaoyouxiangongsi | Detailed Seller Information<br>Business Name: Zhongxiangshi Henghaomaoyiyouxiangongsi<br>Business Address:<br>郢中镇郊郢路28号102室<br>荆门市<br>钟祥市<br>湖北省<br>431900<br>CN | Detailed Seller Information<br>Business Name: Shenzhen Jinfanchuanmeiyouxiangongsi<br>Business Address:<br>南湖街道南湖路国贸商住大厦19A<br>深圳<br>罗湖<br>广东<br>518000<br>CN |
| ✉ Contact seller | | |
| ☎ (+86) 18822851970 | | |
| 📍 Tangjiajie88hao<br>Xiaogan, HE 432100, CN | | |
| https://www.walmart.com/seller/101127157 | https://www.amazon.com/sp?ie=UTF8&seller=A2B370RN31YVUQ (showing an address of "Room 102, No. 28 Jiaoying Road, Yingzhong Town, Jingmen City, Zhongxiang City, Hubei Province 431900" in China when translated in Google Translate). | https://www.amazon.com/sp?ie=UTF8&seller=AGVSMNOTCCEI3 (showing an address of "19A, Guomao Commercial and Residential Building, Nanhu Road, Nanhu Street, Shenzhen, Luohu, Guangdong 518000" in China when translated in Google Translate). |

Plaintiff acknowledges that these "Amazon Seller" Defendants' legal names and addresses were readily available since at least the time that Plaintiff filed its Complaint. (ECF No. 1, "Compl.," ¶¶ 4–6.) The Complaint also acknowledges that Plaintiff has known, at all relevant times, the "principal place of business" of Defendant Chenghai Lucky Boy Toys Co., Ltd., namely, "Xiazhou Industrial Area, Dutou, Shaghua Town, Chenghai District, Shantou City, Guandong Province, 515800 China." (*Id.* at ¶ 10.) Plaintiff states that it obtained this address "from the [accused] cars themselves." (*See* ECF No. 15 at 3, 10.)

However, just like for Yucmed, Plaintiff (falsely) represented to the Court in its motion for alternative service that these Defendants' "addresses in China are unknown to Spin Master." (ECF No. 15 at 1; *see also id.* at 10.) The *only* support offered for this statement is the unsubstantiated

2

hearsay testimony from one of Plaintiff's attorneys—i.e., that an unidentified person at a ***third-party*** law firm supposedly told an unidentified person associated with Plaintiff that the address information for these Defendants "***appeared*** inaccurate." (*Id.* at 5–6 (emphasis added) (citing ECF No. 16 ¶ 14); *see also* ECF No. 69 at 6–7.)  Plaintiff never explained ***why*** the addresses "appear" inaccurate; its attorneys merely made a passing vague statement that the third-party law firm advised that the addresses for the "Amazon Seller" defendants are "incomplete, inaccurate, or gibberish."  (ECF No. 15 at 10.)  Plaintiff's counsel here never conducted their own investigation. With respect to Defendant Chenghai Lucky Boy Toys Co., Ltd., Plaintiff likewise never provided any support for its accusation that the address "is jumbled" or how "jumbl[ing]" would make the address "inaccurate."  (*Id.*) It is not.

As explained in Yucmed's Memorandum, Plaintiff offers ***no*** showing that Defendants' addresses are "not known," as would be required for an order authorizing alternative service under the Hague Convention.  (ECF No. 69 at 6–11.)[1]  Accordingly, the Complaint should be dismissed or, in the alternative, the Court's September 12, 2023 Order (ECF No. 19) granting Plaintiff's *ex parte* motion for alternative service should be vacated; Plaintiff's email "service" should be quashed; and all proceedings should be stayed until Plaintiff effects proper service.  (ECF No. 69 at 6–11.)

---

[1] Since the submission of Yucmed's motion to dismiss, courts in this Circuit have continued to follow the reasoning of the *Smart Study* case in denying motions for alternative service. *See, e.g.*, *Shen Zhen You Yu Ku Ke Ji You Xian Gong Si v. Jiangsu Huari Webbing Leather Co., Ltd.*, No. 23-CV-4578 (JGLC) (S.D.N.Y. Dec. 1, 2023) (denying motion for alternative service on Chinese defendant by email and directing plaintiff to serve defendant under the Hague Convention, citing *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022)); *Domesick v. JD E-Commerce America Limited et al.*, No. 3:23-cv-00590 (D. Conn. Nov. 30, 2023) (denying motion for alternative service on Chinese defendant by email, citing, in part, the *Smart Study* case).

## II. THE COMPLAINT FAILS TO ESTABLISH A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION

As explained in Yucmed's Memorandum, the Complaint fails to provide any factual allegations concerning the "Amazon Seller" Defendants' contacts with New York. (ECF No. 69 at 12–13.) Rather, Defendants Leqiong, Monkki, and Onecemore are grouped together with each other, with Yucmed, and with Defendants Aomore-US and Ropwol, in the Complaint's two boilerplate allegations regarding all Amazon seller defendants. (*Id.* (citing Compl. ¶¶ 12, 25).) This group pleading alone is sufficient to warrant dismissal and, in any event, Plaintiff's generic allegations are "insufficient to meet Plaintiff's *prima facie* burden." (*Id.* (quoting *Fab Habitat Corp. v. Houselights, LLC*, No. 22-CV-2986 (ALC), 2023 WL 6385977, at *7 (S.D.N.Y. Sept. 29, 2023)).) With respect to Defendant Chenghai Lucky Boy Toys Co., Ltd., the Complaint does not allege any sales or other activity within the United States, except for a single, unsupported allegation made "[u]pon information and belief." (Compl. ¶ 29.) And, just like for the "Amazon Seller" defendants, Plaintiff has not alleged any activity conducted by Defendant Chenghai Lucky Boy Toys Co., Ltd. in New York that gives rise to any of Plaintiff's causes of action.

Since the Complaint does not make a *prima facie* case of personal jurisdiction, it should be dismissed. (ECF No. 69 at 12–13.)

## III. THE COMPLAINT FAILS TO STATE A CLAIM

### A. The Allegations in the Complaint Do Not, and Cannot, Support a Claim for Direct Infringement

As explained in Yucmed's Memorandum, Plaintiff fails to sufficiently allege in the Complaint the means by which any defendant allegedly infringes the five asserted patents, and therefore fails to properly plead any direct infringement claims. (ECF No. 69 at 13–17.) The Complaint merely names certain allegedly infringing products—two allegedly sold by Yucmed, three allegedly sold by Leqiong, four allegedly sold by Monkki, and three allegedly sold by

4

Onecemore—and makes the conclusory allegation that these products "infringe[] one or more of the claims in the Spin Master Patents." (Compl. ¶¶ 25–26, 33; *see also id.* at ¶¶ 44, 54, 64, 74, 84.) Such allegations are insufficient to adequately allege a direct patent infringement claim. (ECF No. 69 at 13–17.)

With respect to Defendant Chenghai Lucky Boy Toys Co., Ltd., the Complaint alleges even less. For example, the Complaint does not allege any sales in the United States; rather, it primarily alleges that some or all the accused products sold by the "Amazon Seller" defendants are manufactured by Defendant Chenghai Lucky Boy Toys Co., Ltd. (Compl. ¶¶ 7, 26, 28.) Manufacture outside of the United States does not constitute direct infringement. *See, e.g.*, *Dowagic Mfg. Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 650 (1915) ("The right conferred by a patent under our law is confined to the United States and its territories . . . and infringement of this right cannot be predicated of acts wholly done in a foreign country."). The only other allegations related to Chenghai Lucky Boy Toys Co., Ltd. are made "[u]pon information and belief," which need not be accepted as true because they are not supported with any other *factual* allegations. *See, e.g., Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008) ("'Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations,' and will not defeat [a] motion" to dismiss) (internal quotations omitted).

    **B.  The Allegations in the Complaint Do Not, and Cannot, Support a Claim for Indirect Infringement**

As explained in Yucmed's Memorandum, claims of indirect infringement require, *inter alia*, "knowledge that the [allegedly] induced acts constitute patent infringement." (ECF No. 69 at 17–18 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011).) Just like for Yucmed, the Complaint does not include *any* facts that render it plausible that any of Defendants Leqiong, Monkki, Onecemore, and Chenghai Lucky Boy Toys Co., Ltd. acted with

5

the specific intent that is required for indirect infringement. (ECF No. 69 at 17–19.)

## IV. THE COMPLAINT'S REQUEST FOR DAMAGES PRE-SUIT AND/OR PRE-ACTUAL NOTICE DAMAGES SHOULD BE DISMISSED

As explained in Yucmed's Memorandum, the Complaint fails to allege facts sufficient to show that Plaintiff met either the actual or constructive notice requirements of 35 U.S.C. §287(a) sufficient to plausibly plead a claim for pre-suit damages. (*Id.* at 19–22.) Just like for Yucmed, the Complaint does not include *any* facts that render it plausible that any of Defendants Leqiong, Monkki, Onecemore, and Chenghai Lucky Boy Toys Co., Ltd. were given actual (or constructive) notice of the asserted patents. (*Id.*) As such, Plaintiff's claim for pre-suit damages should be dismissed.

## V. CONCLUSION

For the above reasons, and those set forth in Yucmed's Memorandum (ECF No. 69), the Complaint should be dismissed.

Respectfully submitted,

Dated: December 4, 2023

By: *s/ Sandra A. Hudak*
Tuvia Rotberg
Mark Berkowitz
Sandra A. Hudak
Eliezer Lekht
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: trotberg@tarterkrinsky.com
mberkowitz@tarterkrinsky.com
shudak@tarterkrinsky.com
elekht@tarterkrinsky.com

*Attorneys for Defendants Leqiong, Monkki, Onecemore, Yucmed Store, and Chenghai Lucky Boy Toys Co., Ltd.*