**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X

SPIN MASTER, LTD.

                                 Plaintiff,

      - against -

                                  Case No. 23 Civ. 7099-DEH

AOMORE-US; LEQIONG a/k/a
XIAOGAN LEQIONGSHANGMAOYOUXIANGONGSI;        Hon. Dale E. Ho
MONKKI a/k/a ZHONGXIANGSHI
HENGHAOMAOYIYOUXIANGONGSI,
ONECEMORE a/k/a
SHENZHEN JINFANCHUANMEIYOUXIANGONGSI,
ROPWOL, YUCMED STORE,
and CHENGHAI LUCKY BOY TOYS CO., LTD.,

                                  Defendants.

-------------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN OPPOSITION TO APPEARING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO VACATE THE COURT'S ORDER AUTHORIZING ALTERNATIVE SERVICE**

Kevin N. Ainsworth
Kara M. Cormier
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Ave.
New York, NY 10022
Tel: (212) 935-3000
kainsworth@mintz.com
kmcormier@mintz.com

Andrew D. Skale (*pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Rd., Ste 300
San Diego, California 92130
Tel:   (858) 314-1500
adskale@mintz.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................3

    **I.**    **Service of Process Was Proper and in Full Compliance with an Order of this Court** ..........................................................................................3

        A.    It Is Undisputed that Spin Master Effected Service in Compliance with the Order Authorizing Alternative Service ..............................3

        B.    Defendants' Motion is an Untimely Request for Reconsideration ................4

        C.    Defendants Fail to Present New Facts or Law .................................4

        D.    Defendants' Reliance on *Smart Study* Is Misplaced .......................5

        E.    Defendants Received Service and Had Actual Notice...................8

    **II.**    **The Court has Specific Personal Jurisdiction over Defendants** ......................8

        A.    The Amazon Sellers Are Subject to Jurisdiction Under NY CPLR 302(a)(1) ..............................................................................8

        B.    Chenghai Is Subject to Jurisdiction Under (at least) Rule 4(k)(2)................9

    **III.**    **The Complaint States Claims for Direct and Indirect Patent Infringement** ..................................................................................12

        A.    Direct Infringement is Sufficiently Pleaded ................................13

        B.    Indirect Infringement is Sufficiently Pleaded ..............................17

    **IV.**    **The Complaint Properly Asserts Spin Master's Entitlement to Pre-Suit Damages** ...............................................................................19

CONCLUSION.....................................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Coherus BioSciences, Inc.*,
   931 F.3d 1154 (Fed. Cir. 2019)........................................................................17

*Amusement Indus., Inc. v. Stern*,
   693 F. Supp. 2d 301 (S.D.N.Y. 2010)...............................................................19

*Araujo v. E. Mishan & Sons, Inc.*,
   2020 WL 5371323 (S.D.N.Y. Aug. 7, 2020)......................................................15

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964)...........................................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................12

*Ausco Prods. v. Axle, Inc.*,
   2020 U.S. Dist. LEXIS 222771 (W.D.N.Y. Nov. 30, 2020) ..............................18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................12

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
   2022 WL 3701084 (S.D.N.Y., 2022)............................................................ 19-20

*BMW of N. Am. LLC v. M/V Courage*,
   254 F. Supp. 3d 591 (S.D.N.Y. 2017)...............................................................10

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
   2017 WL 74729 (S.D.N.Y. Jan. 4, 2017) ..................................................... 13-14

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F. 4th 1342 (Fed. Cir. 2021) .....................................................................13, 16

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
   911 F.2d 670 (Fed. Cir. 1990)...........................................................................18

*CFTC v. TFS-ICAP, LLC*,
   415 F. Supp. 3d 371 (S.D.N.Y. 2019)..................................................................8

*Chalas v. Pork King Good*,
   2023 WL 3293639 (S.D.N.Y. May 5, 2023) ......................................................19

*Cognex Corp. v. Microscan Systems, Inc.*,
990 F. Supp. 2d 408 (S.D.N.Y., 2013)...................................................................................20

*Conair Corp. v. Jarden Corp.*,
2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014) ........................................................................18

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)............................................................................................15

*Dynamic Data Techs., LLC v. Dell Inc.*,
2019 WL 10248834 (S.D.N.Y. Apr. 23, 2019).......................................................................18

*e-Watch Inc. v. Avigilon Corp.*,
2013 WL 5231521 (S.D. Tex. Sept. 16, 2013) ......................................................................20

*Elsevier, Inc. v. Siew Yee Chew*,
287 F. Supp. 3d 374 (S.D.N.Y. 2018)................................................................................7-8

*Erickson v. Pardus*,
551 U.S. 89 (2007)................................................................................................................12

*Everdry Mktg. & Mgmt. v. Delves & Giufre Enters.*,
319 F. Supp. 3d 626 (W.D.N.Y. 2018) ................................................................................17

*Evriholder Prod. LLC v. Simply LBS Ltd. Co.*,
2020 WL 7060336 (S.D.N.Y. Apr. 21, 2020)..........................................................................9

*Express Mobile, Inc. v. Liquid Web, LLC*,
2019 WL 1596999 (D. Del. Apr. 15, 2019)............................................................................20

*Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*,
2018 WL 3639929 (S.D.N.Y. July 10, 2018) ...................................................................11-12

*Fromson v. Advance Offset Plate, Inc.*,
720 F.2d 1565 (Fed. Cir. 1983)............................................................................................17

*Glob. Tech Led, LLC v. Every Watt Matters, LLC*,
2016 U.S. Dist. LEXIS 122111 (S.D. Fla. May 18, 2016) ....................................................16

*Gucci Am., Inc. v. Weixing Li*,
135 F. Supp. 3d 87 (S.D.N.Y. 2015)...............................................................................11-12

*Hall v. Bed Bath & Beyond, Inc.*,
705 F.3d 1357 (Fed. Cir. 2013)........................................................................................13-14

*Hunter v. Palisades Acquisition XVI, LLC*,
2017 WL 5513636 (S.D.N.Y. Nov. 16, 2017) .......................................................................19

iii

*In re Bibox Grp. Holdings Ltd. Sec. Litig.*,
  2020 WL 4586819 (S.D.N.Y. Aug. 10, 2020) ........................................................................6

*In re GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ......................................................................................5, 7

*In re SSA Bonds Antitrust Litig.*,
  420 F. Supp. 3d 219 (S.D.N.Y. 2019).................................................................................11

*Intell. Ventures II LLC v. JP Morgan Chase & Co.*,
  2015 WL 3855069 (S.D.N.Y. June 22, 2015) ....................................................................16

*Iron Gate Sec., Inc. v. Lowe's Companies*,
  2016 WL 1070853 (S.D.N.Y. Mar. 16, 2016) ..............................................................16, 18

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001)..........................................................................................20

*Leroi, Inc. v. Csc3c, Inc.*,
  2016 WL 4997228 (N.D.N.Y. Sept. 19, 2016) ....................................................................9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)................................................................................15, 17, 18

*Loadholt v. Shirtspace*,
  2023 WL 2368972 (S.D.N.Y., 2023) ...................................................................................19

*Mattel, Inc. v. AnimeFun Store*,
  2020 WL 2097624 (S.D.N.Y. May 1, 2020) ........................................................................9

*Miami Prod. & Chem. Co. v. Olin Corp.*,
  449 F. Supp. 3d 136 (W.D.N.Y. 2020).................................................................................10

*Microstrategy Inc. v. Business Objects, S.A.*,
  429 F.3d 1344 (Fed. Cir. 2005)........................................................................................4, 17

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)............................................................................................16

*Okyere v. Palisades Collection, LLC*,
  961 F. Supp. 2d 522 (S.D.N.Y. 2013)..................................................................................19

*Ottah v. Fiat Chryslte*r,
  884 F.3d 1135 (Fed. Cir. 2018)............................................................................................17

*PLC Trenching Co., LLC v. IM Servs. Grp., LLC*,
  2021 WL 3234590 (D. Idaho July 29, 2021) .......................................................................20

*Porina v. Marward Shipping Co.*,
    521 F.3d 122 (2d Cir. 2008)..................................................................10

*Regeneron Pharms., Inc. v. Merus B.V.*,
    2014 WL 2795461 (S.D.N.Y. June 19, 2014) ........................................15

*RegenLab USA LLC v. Estar Techs. Ltd.*,
    335 F. Supp. 3d 526 (S.D.N.Y. 2018)................................................5, 10

*RSM Prod. Corp. v. Fridman*,
    2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007)..........................................6

*Sea Trade Co. Ltd. v. FleetBoston Financial Corp.*,
    2009 WL 4667102 (S.D.N.Y.,2009)..........................................................4

*Sicav v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013)........................................................7

*Signify N. Am. Corp. v. Axis Lighting Inc.*,
    2020 WL 1048927 (S.D.N.Y. Mar. 4, 2020) ..........................................15

*Smart Study Co. v. Acuteye-Us*,
    620 F. Supp. 3d 1382 (S.D.N.Y. 2022).................................................. 5-7

*United States v. Avenatti*,
    2022 WL 103298 (S.D.N.Y. Jan. 11, 2022) .............................................4

*United States v. Mrvic*,
    2023 U.S. Dist. LEXIS 12243 (S.D.N.Y. Jan. 24, 2023)...........................5

*Universal Elecs., Inc. v. Zenith Elecs. Corp.*,
    846 F. Supp. 641 (N.D. Ill.) ....................................................................15

*Xiamen Baby Pretty Prod. Co. v. Talbot's Pharms. Fam. Prod., LLC*,
    2022 WL 509336 (W.D. La. Feb. 18, 2022) ..........................................20

*Zanghi v. Ritella*,
    2020 WL 589409 (S.D.N.Y. Feb. 5, 2020)...............................................6

*Zuru (Singapore) PTE., Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, &*
    *Unincorporated Ass'ns Identified on Schedule A Hereto*,
    2022 U.S. Dist. LEXIS 195268 (S.D.N.Y. Oct. 26, 2022) .......................6

## Statutes

35 U.S.C. § 271..............................................................................14, 15, 18

**Other Authorities**

CPLR § 302(a)(1) ...........................................................................................................8

Fed. R. Civ. P. 4(f) ......................................................................................................3-6

Fed. R. Civ. P. 4(k)(2).............................................................................................2, 9-10

Local Civil Rule 6.3......................................................................................................1, 4

Local Patent Rule 6.....................................................................................................16

Spin Master, LLC ("Spin Master") submits this memorandum of law, together with the Declaration of Andrew D. Skale, dated December 15, 2023 ("Skale Decl.") in support of its opposition to the motions of Defendants Yucmed, Leqiong, Monkki, Onecemore, (collectively, the "Amazon Sellers") and Chenghai Lucky Boy Toys Co., Ltd.'s ("Chenghai") (collectively "Defendants")[1] to (a) dismiss and (b) vacate the Court's Order, entered September 12, 2023, ("Order Authorizing Alternative Service"). Dkt. Nos. 68-69 and 81-82.

## <u>INTRODUCTION</u>

Defendants' Motions to Dismiss and to Vacate the Order Authorizing Alternative Service should be denied. Defendants first argue (at 6-11, 1-3)[2] that service was improper. But Spin Master Ltd. ("Spin Master") served Defendants in full compliance with the Court's Order Authorizing Alternative Service. Dkt. No. 19. Proof of that service was filed the very same day. Dkt. No. 20. Defendants do not deny that they received this service. In fact, Yucmed's counsel admitted that Yucmed received the emails Spin Master sent because that is what prompted Yucmed to reach out to Tarter Krinsky & Drogin LLP for representation. Dkt. No. 67.[3] Likewise, Defendants' prior counsel represented that "defendants have received the documents" and that he had been in touch with them. Dkt. No. 24. Thus, Defendants were fully aware of this action and the Order Authorizing Alternative Service. The time for them to move for reconsideration of that Order, **<u>expired on September 26, 2023</u>**. *See* SDNY Local Rule 6.3. For that reason alone, the Court

---

[1] The non-appearing defendants, Aomore-US and Ropwol, have not moved to dismiss and are not included in the defined term "Defendants" as used in this memorandum. There is a pending motion for default judgment against the non-appearing defendants. Dkt. Nos. 84-92.

[2] Citations to "(at _-_, _-_)" are to Dkt. Nos. 69 and 82, respectively, Defendants' two memos.

[3] In Yucmed's case, despite this knowledge, it simply chose not to appear. Instead, it ignored the Court's orders that it (1) retain counsel by October 31, 2023 (Dkt. No. 29) and (2) answer or otherwise respond to the Complaint by November 2, 2023 (Dkt. No. 28).

should deny Defendants' motion. Regardless, even if the Court were to consider Defendants' belated motion for reconsideration, it should deny it. As a preliminary matter, all of Defendants' arguments – which relate to the validity of email service – apply only to Yucmed.  The rest of the appearing Defendants were served by means of their US counsel, and so the Hague Convention is completely inapplicable. As to Yucmed, Defendants have not shown any new facts or law that warrant a changed result. Indeed, the Court entered the Order Authorizing Alternative Service with full knowledge of the **very same facts and law** that Defendants now stress. As such, Defendants' belated motion for reconsideration must be denied.

Second, Defendants argue (at 11-12, 4) that the Complaint should be dismissed because it purportedly fails to establish a prima facie case of personal jurisdiction. That argument also fails because the Complaint pleads that the Court has specific jurisdiction over Defendants. The Defendant Amazon Sellers "transacted business within the State of New York and [] contracted to supply the infringing goods in the state" and/or "committed tortious acts within the state." Dkt. No. 1 at ¶ 12. This was not an idle speculation made upon information and belief. It was an affirmative representation known to be true because purchases of the accused products were made from the seller Defendants ***in New York***. *See* Dkt. No. 37 at ¶¶ 5-9 and Exs. 5-9 (showing proof of such purchases from and to New York). And as to Chenghai, the Complaint alleged jurisdiction under Fed. R. Civ. P. Rule 4(k)(2). Dkt. No. 1 at ¶ 13. Defendants do not even address that rule.

Third, Defendants claim (at 13-17, 4-6) that Spin Master has not adequately alleged direct and indirect infringement. They are wrong on that as well. Spin Master has alleged sufficient facts to put all Defendants on notice of their infringement and their customers' infringement. Defendants certainly thought they had enough information to oppose Spin Master's request for a preliminary injunction, having filed a brief denying their alleged infringement (Dkt. No. 44) instead of

requesting the Court to address the sufficiency of the Complaint first.

Fourth, Defendants move to dismiss the Complaint's request for pre-suit damages (at 19-22, 6), claiming that Spin Master did not sufficiently allege notice or marking. This is not the proper subject of a motion to dismiss, and thus this request should be denied on that basis alone. Regardless, Defendants know from expedited discovery that Spin Master's products have always been marked and in any event, Spin Master properly pleaded both actual and constructive notice.

In sum, Spin Master complied with the Order Authorizing Alternative Service; personal jurisdiction plainly exists; and Defendants are fully aware of Spin Master's claims for patent infringement, even having Spin Master's LR 6 disclosures and the claim chart accompanying Spin Master's Preliminary Injunction Motion. Nevertheless, if the Court disagrees, Spin Master requests the opportunity to file a First Amended Complaint.

## ARGUMENT

### I.     Service of Process Was Proper and in Full Compliance with an Order of this Court

#### A.     It Is Undisputed that Spin Master Effected Service in Compliance with the Order Authorizing Alternative Service

On September 12, 2023, this Court entered an order, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, authorizing service by (a) email to U.S. counsel for Defendants Leqiong, Monkki, Onecemore, and Chenghai, and (b) by email to Yucmed. Plaintiff immediately effected service as authorized. Dkt. No. 20. Defendants received service and had actual notice and entered appearances on September 29 and November 13. Defendants do not argue that Spin Master failed to serve them in accordance with the Order Authorizing Alternative Service. Instead, months after receiving service of process, Defendants argue that the Order Authorizing Alternative Service, which was granted **on the basis of the very same facts Defendants cite in their briefs**, should be vacated. Defendants' motion is, in fact, an untimely, improper request for reconsideration of

the Order Authoring Alternative Service. It should be denied for several reasons.

**B.     Defendants' Motion is an Untimely Request for Reconsideration**

First, the motion should be denied because it is untimely. A motion for reconsideration must "be served within fourteen (14) days after the entry of the Court's determination of the original motion." *See* Local Civil Rule 6.3. "Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Sea Trade Co. Ltd. V. FleetBoston Financial Corp.*, 2009 WL 4667102, at *3 (S.D.N.Y.,2009) (rejecting belated motion along with movants "excuses for the late filing"). Courts generally only "overlook[] Local Rule 6.3's time requirements" when "[j]ustice requires," like when "there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision." *Id.* That is not the case here. Nor do Defendants even argue that justice requires disregarding the deadline in Local Rule 6.3. For this reason alone, the Court should uphold its Order Authorizing Alternative Service and find that Spin Master's compliance therewith was proper. Dkt. No. 20 (proof of service).

**C.     Defendants Fail to Present New Facts or Law**

Second, the motion for reconsideration or reargument should be denied because Defendants have not identified data that the court overlooked that would alter the conclusion reached by the court. "[T]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Avenatti*, 2022 WL 103298, at *1 (S.D.N.Y. Jan. 11, 2022). Defendants do not come close to meeting this standard. Indeed, they present the very **<u>same</u>** facts and the very **<u>same</u>** law, which mandates the very same result.

As Spin Master set forth in its motion for service under Rule 4(f)(3), the only address information it had for the Amazon Sellers, was the information it received from Amazon. *See* Dkt.

No. 15 at 5; Dkt. No. 16 at ¶ 7. And the only address information it had for Chenghai came from the infringing vehicle. Dkt. No. 15 at 10. Spin Master shared this information with the Court. Spin Master also informed the Court that Viking Advocates LLC ("Viking"), a consulting law firm known for serving process in foreign countries, including China, had informed Spin Master that the Defendants' purported entity and address information appeared inaccurate and in some cases incomplete and that any attempt at service, would take 18-24 months, would almost certainly fail, and would be a waste of time and money. *See* Dkt. No. 15 at 5; Dkt. No. 16 at ¶ 14. Presented with this evidence—the same evidence Defendants now cite—the Court granted Spin Master's Motion. *See* Dkt. No. 19. Defendants set forth nothing new.

Defendants also set forth no intervening law that warrants a different result. Nor does existing law warrant a changed decision.

### D.    Defendants' Reliance on *Smart Study* Is Misplaced

Defendants argue that under *Smart Study*, service in China under the Hague Convention cannot be effected by email. *E.g.* Dkt. No. 69 at 14 (citing *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022).) While they admit that *Smart Study* is not controlling, they nevertheless assert that if followed, service via email in China is "prohibited" and thus, the Court should not have authorized it under Rule 4(f)(3).

As a preliminary matter, that argument has no weight whatsoever as to Chenghai, Leqiong, Onecemore, and Monkki, because the Court authorized service of process via their **United States** counsel. That service was **not** subject to the Hague Convention because it was effected in the United States. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (service on US counsel or a registered agent in Washington "would not run afoul of the Hague Convention since in both instances no documents would be transmitted abroad"); *United States v. Mrvic*, 2023 U.S. Dist. LEXIS 12243, at *7 (S.D.N.Y. Jan. 24, 2023) (authorizing service on defendant's US

counsel and noting that "the Hague Convention…does not prohibit service through a representative in the United States."); *Zanghi v. Ritella*, 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (authorizing service by email noting that "[t]he Hague Convention does not prohibit service on a foreign defendant's U.S. counsel or service by email."); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) ("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel."). Thus, for the reasons set forth in Spin Master's motion for alternative service, the Order Authorizing Alternative Service on former counsel for Chenghai, Leqiong, Onecemore, and Monkki was proper. *See* Dkt. No. 15 at 11-12.

And even as to Yucmed, the rationale in *Smart Study* does not apply because, as Yucmed admits, the Hague convention does not apply when a party's address is "unknown." *Zuru (Singapore) PTE., Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2022 U.S. Dist. LEXIS 195268, at *2 (S.D.N.Y. Oct. 26, 2022) (citing *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)); *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 2020 WL 4586819, at *2-3 (S.D.N.Y. Aug. 10, 2020) (when an address is "unknown," "the Hague Convention service procedures" are rendered "inapposite").

Yucmed claims – on the basis of the very same facts that the Court previously had – that its address was not "unknown." However, an address is deemed unknown when "the plaintiff exercised reasonable diligence in attempting to discover" it "for service of process and was unsuccessful in doing so." *See Smart Study,* 620 F. Supp. 3d at 1390 (cited by Defendants). Here, Spin Master conducted due diligence. It sought address information from Amazon and consulted Viking, which is skilled at effecting service in China. And it presented these facts to the Court in

its motion for alternative service. *See* Dkt. No. 15 at 5; Dkt. No. 16 at ¶ 14.  In granting that motion, this Court deemed Spin Master's efforts to constitute reasonable diligence. The evidence supports the Court's decision, and that is all that was required.

In any event, the facts at issue in *Smart Study* are materially different than the facts this Court considered when granting the Order Authorizing Alternative Service. The *Smart Study* plaintiffs did not seek "information from Amazon regarding the defendants' addresses, nor [did] they claim to have taken any additional steps to determine the defendants' addresses." *Id.* at 1391. Thus *Smart Study* is not persuasive here.

Defendants dismiss the advice Spin Master received from Viking out of hand and malign Spin Master with allegations of bad faith. But they have not provided the Court with any evidence **_whatsoever_** that the address information that was available to Spin Master was accurate. They also suggest that Spin Master should have attempted service via the Hague. But Spin Master was not required to do that. An attempt at service under Rule 4(f)(1) via the Hague is not a prerequisite to an order for alternative service under Rule 4(f)(3). *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377-78 (S.D.N.Y. 2018). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* ("'nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3) . . . .'"); s*ee also Sicav v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (same). Moreover, courts "have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *Sicav*, 989 F. Supp. 2d at 280 (quoting *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)).

### E.     Defendants Received Service and Had Actual Notice

Finally, Defendants admit receiving notice of the proceeding. Indeed, Defendants' former counsel admitted that his clients (Chenghai, Leqiong, Onecemore, and Monkki) received the papers, and Yucmed's counsel admitted that Yucmed received Spin Master's emails. Dkt. Nos. 24, 67. Thus, Defendants do not contest that the service of process, as authorized by the Court, satisfied due process and was "reasonably calculated" and in fact did "apprise" them "of the pendency of the action and afford them an opportunity to present their objections." *Elsevier*, 287 F. Supp. 3d at 378 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

As such, even if the Court were to reconsider the Order Authorizing Alternative Service, it should deny Defendants' motion and hold that Spin Master's service on them was proper.

## II.     The Court has Specific Personal Jurisdiction over Defendants

### A.     The Amazon Sellers Are Subject to Jurisdiction Under NY CPLR 302(a)(1)

The Court has personal jurisdiction over the Amazon Sellers under New York CPLR 302(a)(1). A "plaintiff may demonstrate" jurisdiction "'through its own affidavits and supporting materials." *CFTC v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019). In determining whether the plaintiff has made "a prima facie showing that the court possesses jurisdiction over the defendant," the Court must consider the plaintiff's evidence "in the light most favorable to" the plaintiff, "with all doubts resolved in its favor." *Id.* (denying motion to dismiss for lack of personal jurisdiction).

Here, the Complaint alleges that "each" of the Defendant Amazon Sellers "transacted business within the State of New York and has contracted to supply the infringing goods in the state." Dkt. No. 1 at ¶ 12 (emphasis added). More specifically, it alleges that the Defendant Amazon Sellers "offered to sell wall-climbing toy vehicles in the United States, including in New York, via Amazon." *Id.* ¶ 25.

In addition, as the Defendant Amazon Sellers well know, Spin Master has already filed evidence that they sold and shipped accused products to a person in New York. *See* Dkt. No. 37 at ¶¶ 5-9 and Exs. 5-9 (showing proof of purchase of the accused products in and to NY). This evidence definitively establishes specific personal jurisdiction over the Amazon Sellers. *Mattel, Inc. v. AnimeFun Store*, 2020 WL 2097624, at *4 n.7 (S.D.N.Y. May 1, 2020) (denying motion to dismiss brought by alleged infringer, noting that "courts in this District have routinely found personal jurisdiction over foreign defendants who operate storefronts on online marketplaces such as Amazon"); *Evriholder Prod. LLC v. Simply LBS Ltd. Co.*, 2020 WL 7060336, at *2 (S.D.N.Y. Apr. 21, 2020) ("Plaintiff alleges that Simply LBS maintained a large-scale online marketplace on Amazon.com, offered the Infringing Product for sale, through that marketplace, in New York, and 'shipped [the Infringing Product] into New York State and specifically into the Southern District of New York.' These allegations satisfy the requirements of CPLR § 302(a)(1)."); *see also Leroi, Inc. v. Csc3c, Inc.*, 2016 WL 4997228, at *5 n.7 (N.D.N.Y. Sept. 19, 2016) (listing cases).

Defendants' citations are inapposite. *In re Aegean Marine Petroleum Network, Inc.,* did not involve jurisdiction arising from the sale of infringing products in this forum. 529 F. Supp. 3d 111, 122 (S.D.N.Y. 2021). And *FAB Habitat Corp. v. Houselights, LLC*, involved contested allegations of transactions in New York. 2023 U.S. Dist. LEXIS 177028, at *17 (S.D.N.Y. Sep. 29, 2023). Unlike here, the plaintiff in *Fab Habitat* presented no evidence of actual purchases of the infringing goods prior to the litigation. *Id.*

Thus, Spin Master has established specific personal jurisdiction over the Amazon Sellers.

**B.      Chenghai Is Subject to Jurisdiction Under (at least) Rule 4(k)(2)**

Chenghai sought certification of its Accused Product with the United States Federal Communications Commission ("FCC"). *See* Skale Decl. Exs. A-D. Clearly Chenghai intended for

its products to be imported into the US and sold to customers here in violation of Spin Master's rights.

Chenghai also "has conducted testing of one or more of the Accused Products in the United States" (¶ 29), "is working in concert with some or all of the Amazon Sellers to sell the Accused Products in the United States" (¶ 30), is "inducing or contributing to the sale or offering for sale of these Accused Products in the United States," *id.*, "distributes the Accused Products to the Amazon Sellers intending that they be offered for sale and sold in the United States" (¶ 31), and "import[s] the Accused Products into the United States from China" (¶¶ 32, 42, 52, 62, 72, 82).

Thus, at a minimum, the Court has jurisdiction under Fed. R. Civ. P. 4(k)(2). "Rule 4(k)(2) establishes personal jurisdiction 'where (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) exercising jurisdiction is consistent with the United States Constitution and laws.'" *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 599 (S.D.N.Y. 2017) (citations omitted); *see also Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008) (same). "Rule 4(k)(2) was specifically designed to 'correct a gap' in the enforcement of federal law in international cases." *Porina*, 521 F.3d at 126 (brackets omitted) (quoting Fed R. Civ. P. 4 Advisory Committee Notes).

The first element of Rule 4(k)(2) is satisfied because Spin Master brought suit under federal patent law. *RegenLab*, 335 F. Supp. 3d at 545 ("[T]he patent infringement claims clearly arise under federal law.").

The second element is met by the Complaint's allegation that Chenghai is "not subject to jurisdiction in any state's court of general jurisdiction." Dkt. No. 1 at ¶ 13; *see*, *e.g. Miami Prod. & Chem. Co. v. Olin Corp.*, 449 F. Supp. 3d 136, 182 (W.D.N.Y. 2020) (certification in response brief that it was "'unaware of any U.S. district court where Shin-Etsu would be subject to general

jurisdiction'" satisfies element two); *Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*, 2018 WL 3639929, at *13 (S.D.N.Y. July 10, 2018), *report and recommendation adopted*, 2018 WL 3632524 (S.D.N.Y. July 31, 2018) (same).

The third element is met because exercising jurisdiction is consistent with the United States Constitution and laws. This element requires "(1) that the defendant have sufficient minimum contacts *with the United States in general*, rather than any particular state and (2) that the exercise of jurisdiction is reasonable." *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 240 (S.D.N.Y. 2019) (emphasis added).

Chenghai has had sufficient contacts with the United States. It made many filings with the United States Federal Communications Commission ("FCC") seeking certifications for the Accused Product. Skale Decl. ¶ 2, Ex. A (showing Chenghai's wall climbing car has model number 9960); Ex. B (Letter from Chenghai to FCC re Model 9960). In the process of communicating with the FCC, Chenghai sent documents and letters to the FCC's office in Maryland. *Id.*, Exs. B-C. It also authorized MiCOM Labs Inc.—based in Pleasanton, CA—to act on its behalf regarding the certifications it applied for from the FCC for the Accused Product. *Id.*, Ex. D.

Moreover, the exercise of jurisdiction over Chenghai is reasonable because it comports with "fair play and substantial justice." *Freeplay Music, LLC*, 2018 WL 3639929, at *13 (quoting *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 96 (S.D.N.Y. 2015)). To determine reasonableness, courts look at several factors:

> (1) the burden that the exercise of jurisdiction will impose on the entity; (2) the interests of the forum nation in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of nations in furthering substantive social policies.

*Id.* (quoting *Gucci Am., Inc.*, 135 F. Supp. 3d at 99). All favor jurisdiction. The United States has "substantial interest in enforcing its citizens' intellectual property rights," which renders jurisdiction reasonable. *Id.* Spin Master has a right to have a United States Court enforce its rights under United States patent laws, and that right "clearly outweighs" Chenghai's "interest in resisting compliance" with those laws. *Cf. Gucci Am., Inc.*, 135 F. Supp. 3d at 100–01 (addressing issue under Lanham Act). Chenghai intentionally chose to (a) obtain FCC certification for its Accused Product, and (b) provide those products for sale in the United States. The mere fact that a Chenghai will have to travel to New York is insufficient to defeat reasonableness. *Freeplay Music, LLC*, 2018 WL 3639929, at *16 (quoting *Peterson v. Islamic Republic of Iran*, 2013 WL 1155576, at *15 (S.D.N.Y. Mar. 13, 2013)). Moreover, "witnesses and evidence" concerning the infringement "are likely to be located" in the U.S. *Id.* Thus, this Court's exercise of jurisdiction over Chenghai is reasonable and comports with Due Process.

## III.   The Complaint States Claims for Direct and Indirect Patent Infringement

The Complaint sufficiently alleges that Defendants directly and indirectly infringed the specified claims of the specified patents. Under *Iqbal* and *Twombly*, the complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its allegations allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting *Twombly*, 550 US at 555). In the patent context, the level of detail required "will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC v. Sony Corp. of Am.,* 4 F. 4th 1342, 1353 (Fed. Cir. 2021). As discussed below, Spin Master has sufficiently alleged both direct and indirect infringement.

### A.   Direct Infringement is Sufficiently Pleaded

To state a claim for patent infringement, a plaintiff must: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013); *see also Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729, at *3 (S.D.N.Y. Jan. 4, 2017).

Here, the Complaint:

(i) alleges that Spin Master "is the exclusive licensee to all the rights and interests in the Spin Master Patents in the United States, including the right to sue in its own name and the exclusive right to elect to prosecute or not to prosecute a suit for infringement" (Dkt. 1 ¶ 2);

(ii) lists each Defendant (Dkt. No. 1 ¶¶ 4-6, 8, 10);

(iii) cites the five patents that Defendants infringed and attaches copies of each to the Complaint (Dkt. No. 1 ¶ 1 (listing each patent); *id.* ¶¶ 15–24; *id.* ¶ 45, 55, 65, 75, 85 (patent-specific allegations and claims infringed); Dkt. Nos. 1-1, 1-2, 1-3, 1-4, 1-5);

(iv) alleges that the Amazon Sellers infringed the Spin Master Patents by selling and offering to sell "wall-climbing toy vehicles in the United States, including in New York, via Amazon," and provides specific identifying numbers (a/k/a ASINs) for the Accused Products (Dkt. No. 1 ¶¶ 25, 33, 42-43, 52-53, 62-63, 72-73, 82-83) and alleges that

Chenghai manufactures the Accused Products sold by Ropwol and Leqiong, conducted testing of one or more Accused Products in the U.S., is working in concert with some or all of the Amazon Sellers to sell Accused Products in the U.S., and distributes Accused Products to the Amazon Sellers intending that they be offered for sale and sold in the U.S. (*id.* at ¶¶ 7, 26, 29-32, 42, 52, 62, 72, 82); and

(v) alleges the sections of the invoked patent law – namely, 35 U.S.C. § 271 (Dkt. No. 1 ¶¶ 42, 52, 62, 72, 82).

The Complaint also cites to and included as an exhibit a decision by U.S. District Judge Denise Cote, which granted Spin Master a preliminary injunction preventing infringement of toy cars that were, in all material respects, identical to the Accused Products in this action. Dkt. 1 ¶¶ 37-40; 1-7. Judge Cote's opinion included images of the accused product in that action, with arrows identifying which elements of the claim were met by those toy cars. Defendants cannot reasonably claim that they lacked notice of Spin Master's claim for infringement.

The Complaint's allegations are more than sufficient to make a plausible allegation of direct infringement, and thus, Plaintiff has stated claims under Section 271. *See e.g.*, *Hall*, 705 F.3d at 1362-64 (reversing dismissal of the patent infringement claim); *Bobcar*, 2017 WL 74729, at *3 (rejecting defendant's argument that plaintiff's allegations of the five elements were "mere conclusory statements of liability"); *Digigan*, 2004 WL 203010, at *4 (S.D.N.Y. Feb. 3, 2004) (denying motion to dismiss because plaintiff sufficiently pleaded the five required elements).

Defendants argue (at 14, 4-5) the Complaint does not sufficiently describe how the accused products infringe the Spin Master Patents. Not so; the Complaint alleges that the Amazon Sellers sold "wall-climbing toy vehicles in the United States, including in New York, via Amazon," with specific ASIN numbers. Dkt. No. 1 ¶ 25. The first paragraph of the Complaint states: "[t]his is an

action for patent infringement arising out of the Defendants' use, offering for sale, and/or sales in the United States, and/or importation into the United States of wall-climbing toy vehicles that infringe Spin Master's US patent[s]." *Id.* ¶1. The allegations against Chenghai are summarized above and stated in detail in the Complaint at paragraphs 7, 26, 29-32, 42, 52, 62, 72, 82. Those allegations state a claim for infringement. *See* 35 U.S.C. § 271(a) (importation and "use" of infringing product are primary infringement).[4]

"Fair notice" is all that is required, and courts have upheld similar allegations as providing sufficient notice of the alleged infringement. *See e.g.*, *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (plaintiff not required to "explain how Defendants' products infringe on any of the Plaintiff's claims"; fair notice of the claims is what is required); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (rejecting defendants' "complaints concerning lack of detail [because they] ask for too much" and reversing a dismissal, noting that the infringer was sufficiently placed "on notice of what activity" was "being accused of infringement"); *Araujo v. E. Mishan & Sons, Inc.*, 2020 WL 5371323, at *2 (S.D.N.Y. Aug. 7, 2020) (holding that plaintiff had adequately pled facts showing "manufacturing, marketing, and selling" as infringing activities); *Signify N. Am. Corp. v. Axis Lighting Inc.,* 2020 WL 1048927, at *2 (S.D.N.Y. Mar. 4, 2020); *Regeneron Pharms., Inc. v. Merus B.V.*, 2014 WL 2795461, at *4 (S.D.N.Y. June 19, 2014) (denying motion to dismiss even where "plaintiff has alleged relatively little about its claim").

---

[4] *See also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 484 (1964) ("Not only does [35 U.S.C. § 271(a)] explicitly regard an unauthorized user of a patented invention as an infringer, but it has often and clearly been held that unauthorized use, without more, constitutes infringement."); *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 645 (N.D. Ill.), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994) ("The unauthorized use of a patented item, even by a consumer, constitutes an infringement of the patent on that item.").

Moreover, requiring the "level of specificity" that Defendants seek "at the pleadings stage would render this district's Local Patent Rule 6, which 'requires the submission of claim charts within 45 days after the Initial Scheduling Conference,' superfluous." *Iron Gate Sec., Inc. v. Lowe's Companies,* 2016 WL 1070853, at *3, n.27 (S.D.N.Y. Mar. 16, 2016); *see also Intell. Ventures II LLC v. JP Morgan Chase & Co.*, 2015 WL 3855069, at *5 (S.D.N.Y. June 22, 2015) ("The Local Rules do not require by their language, prior to the completion of discovery, a detailed explanation of <u>how</u> each accused product infringes or the plaintiffs' precise theory of infringement").

The case from the Federal Circuit that Yucmed cites (at 15) (and Defendants adopt) does not support the specificity Defendants demand here. In *Bot M8 LLC v. Sony Corp. of Am.*, the court "explain[ed] that patentees need not prove their case at the pleading stage," reversed the court's dismissal of two infringement claims, and only affirmed the dismissal of claims where the patentee pled "facts that [were] **inconsistent** with the requirements of its claims." 4 F.4th 1342, 1346 (Fed. Cir. 2021) (emphasis added) ("the FAC contains too much rather than too little, to the point that Bot M8 has essentially pleaded itself out of court"). That is not the case here.[5]

The remainder of Yucmed's argument (at 15-16), which Defendants adopt, is improperly directed at the merits of Spin Master's claim and improperly incorporates materials outside the Complaint. This is not the proper scope of a motion to dismiss. Indeed, a plaintiff "need not prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir.

---

[5] The other case Yucmed relies on (at 15) (and Defendants adopt) is from the Southern District of Florida and is not consistent with the Second Circuit case law cited herein as to the specificity required. *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, 2016 U.S. Dist. LEXIS 122111, at *9 (S.D. Fla. May 18, 2016) (relying on an out-of-circuit district court case to hold that a patentee must "clearly identify not only the specific patent claims that are purportedly infringed but 'which features of the accused device are alleged to infringe the limitations of those claims").

2018). Tellingly, both *Microstrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) and *Ottah v. Fiat Chryslte*r, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018) involved a failure of proof ___***at summary judgment***___, not on a motion to dismiss.

Defendants' arguments about claim construction are also inappropriate in a motion to dismiss. *Everdry Mktg. & Mgmt. v. Delves & Giufre Enters.*, 319 F. Supp. 3d 626, 631 (W.D.N.Y. 2018) (arguments on claim construction analysis are "not appropriate for the motion to dismiss stage"). "When a party asks the Court to perform claim construction on a motion to dismiss, it circumvents the orderly process set forth in the Local Patent Rules and invites the Court to make a decision on an incomplete record." *Id.* "Accordingly, federal courts across the country routinely decline to construe patent claims on a motion to dismiss because the process for properly construing a patent claim is unsuited for a motion to dismiss." *Id.* [6]

In sum, the Complaint adequately pleads direct infringement and the Court should deny Defendants' motion to dismiss. However, if the Court disagrees, Spin Master requests leave to file an amended Complaint to cure any purported deficiencies in its pleading.

### B.    Indirect Infringement is Sufficiently Pleaded

Spin Master has also properly stated a claim for indirect infringement (by inducement). To state a claim for inducement, a plaintiff must plead facts plausibly showing that the accused infringer 'specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.'" *Lifetime Industries*, 869 F.3d at 1379; *C.R. Bard, Inc. v. Advanced*

---

[6] *Amgen Inc. v. Coherus BioSciences, Inc.*, 931 F.3d 1154, 1161 (Fed. Cir. 2019), which Defendants cite in support of their claim construction argument, is inapposite. *Amgen* dealt with prosecution history estoppel – which only applies to bar claims brought under the doctrine of equivalence. *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1571 (Fed. Cir. 1983) (noting that the doctrine of prosecution history estoppel "is irrelevant" when the claimed infringement is literal and not brought under the doctrine of equivalents).

*Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) ("A person *induces* infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement."). Plaintiff need not "identify a *specific* direct infringer," it need only plead "facts sufficient to allow an inference that at least one direct infringer exists." *Ausco Prods. v. Axle, Inc*., 2020 U.S. Dist. LEXIS 222771, at *10 (W.D.N.Y. Nov. 30, 2020).

Here, the Complaint alleges that Defendants "had actual knowledge" of the Spin Master Patents, Dkt. No. 1 ¶¶ 47, 57, 67, 77, 87, and "actively induc[ed] others to use (for example, end users of their products by providing instruction and/or manuals) the Accused Products in the United States" "via Amazon.com." Dkt. No. 1 ¶¶ 42-43, 52-53, 62-63, 72-73, 82-83. Thus, the Complaint adequately alleges infringing activity by Defendants' "end-users" and their inducement of that activity. *See supra* Section III(a) (use is primary infringement) *Lifetime Indus.*, 869 F.3d at 1380 (reversing dismissal because plaintiff "adequately pleaded intent where it alleged knowledge of the patent and had plausibly pleaded that defendants' customers performed the claimed method"); *Dynamic Data Techs., LLC v. Dell Inc.*, 2019 WL 10248834, at *3 (S.D.N.Y. Apr. 23, 2019) (allegation that defendant "encouraged its customers to infringe by providing them with product manuals" sufficient); *Iron Gate*, 2016 WL 1070853, at *3 (allegations sufficient: "Lowe's knowingly encourages, and continues to encourage, current and potential customers to directly infringe [the '641 Patent]. The Complaint also contains details regarding the printed instructional material and website instructions provided by Lowe's instructing its customers as to how to use the Iris Smart Home Management System in a manner that allegedly directly violates the '641 Patent. This level of detail is sufficient to survive a motion to dismiss."); *Conair Corp. v. Jarden Corp.*, 2014 WL 3955172, at *2-3 (S.D.N.Y. Aug. 12, 2014) (allegations sufficient: defendant "markets, distributes, and sells its products, including Mr. Coffee espresso machines" that they

intend their customers to use).

Defendants rely on a number of out-of-district cases to argue these allegations are not sufficient. However, as discussed above, courts in this district have upheld similar allegations as sufficient to state claims of inducement. Accordingly, Spin Master has alleged sufficient facts to give Defendants notice of both direct and indirect infringement. But if the Court disagrees, Spin Master requests leave to file an amended Complaint.

## IV.    The Complaint Properly Asserts Spin Master's Entitlement to Pre-Suit Damages

Defendants' final attack (at 19-22, 5) —that the Complaint purportedly fails to state a claim for pre-suit patent damages because it does not sufficiently allege notice/marking—is procedurally improper and should be denied on that basis alone. "A motion to dismiss is addressed to a 'claim'— not to a form of damages." *Chalas v. Pork King Good*, 2023 WL 3293639, at *4 (S.D.N.Y. May 5, 2023). A request for damages is "not an independent cause of action." *Id.* Indeed, proof of damages is not an element of a claim for patent infringement. As such, this portion of Defendants' motion must be denied. *Id.* (denying "motion to dismiss" request for damages); *see also Loadholt v. Shirtspace*, 2023 WL 2368972, at *4 (S.D.N.Y., 2023) (denying "request to dismiss and/or strike Plaintiff's damage demand" because "damages are not an independent cause of action but rather a prayer for relief"); *Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017) (denying motion to dismiss request for punitive damages as "procedurally premature"); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) (same); *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 318 n.5 (S.D.N.Y. 2010) (same).

Defendants cite only one distinguishable case from this Court that "dismissed" a claim for patent infringement "to the extent it request[ed] damages for infringement that occurred before [the] action was filed." *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, 2022 WL 3701084, at

*2 (S.D.N.Y., 2022). That decision ***did not address*** the point that in the Second Circuit, a motion to dismiss is not properly directed to forms of relief. Moreover, here, in contrast to the facts in *Blackbird*, the Complaint alleges that Defendants had both actual and constructive notice of the Spin Master Patents. Dkt. No. 1 ¶ 34 ("prior to the filing of the Complaint, Defendants had actual and/or constructive notice of the Spin Master Patents"); *id.* at ¶¶ 47–49 ("Defendants had actual knowledge of the '897 patent. Defendants have continued to offer infringing products after receiving notice of Spin Master's rights. The Defendants knew of the '897 Patent, and their infringement of the ''897 Patent was knowing and willful."); *see also id.* ¶¶ 57–59, 67–69, 77–79, 87–89 (alleging similar facts regarding Spin Master's other patents).

The decision in *Cognex Corp. v. Microscan Systems, Inc.*, 990 F. Supp. 2d 408, 417 (S.D.N.Y., 2013), which Defendants cite, is inapplicable because it dealt with a motion for summary judgment, not a motion to dismiss. Moreover, in that case, unlike here, the complaint did not allege constructive notice. *Id.* Here, constructive notice is pleaded. Dkt. No. 1 ¶ 34. The remainder of Defendants' cases are from outside this Circuit are wholly distinguishable.[7]

In short, Defendants' motion to dismiss Spin Master's request for pre-suit damages is procedurally improper. But even if it were not, the cases that they cite are distinguishable because none contain the allegations as to notice that are present in this Complaint. Nevertheless, if the Court disagrees, Spin Master requests leave to file an amended Complaint to address

---

[7] *Express Mobile, Inc. v. Liquid Web, LLC*, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (did not address the argument and complaint, unlike here, contained only one, non-informative sentence related to notice); *Xiamen Baby Pretty Prod. Co. v. Talbot's Pharms. Fam. Prod., LLC*, 2022 WL 509336, at *2 (W.D. La. Feb. 18, 2022) (did not address the argument and complaint did not allege actual or constructive notice); *PLC Trenching Co., LLC v. IM Servs. Grp., LLC*, 2021 WL 3234590, at *9 (D. Idaho July 29, 2021) (same); *e-Watch Inc. v. Avigilon Corp.*, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) (same and patentee even admitted it failed to provide notice); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326, 1327–28 (Fed. Cir. 2001) (did not address the argument and patents expired before notice was given).

marking/notice. Notably, this entire process is wasteful of the Court's resources because Defendants' **know** from the declaration Spin Master provided in expedited discovery, the relevant Spin Master products have **always** been marked (*i.e.* Spin Master is entitled to pre-suit damages).

## **CONCLUSION**

Defendants' Motion to Dismiss should be denied in full. Alternatively, if the Court finds anything inadequately pleaded, Spin Master requests leave to file an amended Complaint to address any such issues.

Dated: December 15, 2023                    Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.

*/s/ Andrew D. Skale*
Kevin N. Ainsworth
Kara M. Cormier
919 Third Ave.
New York, NY 10022
Tel:     (212) 935-3000
kainsworth@mintz.com
kmcormier@mintz.com

Andrew D. Skale (*Pro Hac Vice*)
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:     (858) 314-1500
adskale@mintz.com

*Attorneys for Plaintiff* SPIN MASTER, LTD.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2023, my office served a true and correct copy of

the foregoing document on all counsel of record via ECF.

Dated: December 15, 2023

*/s/ Andrew D. Skale*
Andrew D. Skale

511784619v.4