UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER, LTD., <br><br>                          Petitioner, <br><br>          v. <br><br> AOMORE-US, et al., <br><br>                          Respondents. | 23 Civ. 7099 (DEH) <br><br> **OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court are three motions to seal and/or redact documents, *see* ECF Nos. 83, 95, 112, associated with Plaintiff's motions for preliminary injunction and default judgment, *see* ECF No. 32 (describing Plaintiff's *ex parte* application for a preliminary injunction); ECF No. 84 (seeking default judgment against the non-appearing Defendants). For the reasons discussed herein, those motions are **GRANTED**.

## BACKGROUND

On December 11, 2023, Plaintiff filed a motion to redact portions of its motion for default judgment (i.e., ECF Nos. 86, 88, 90). *See* ECF No. 83. On December 15, 2023, Defendants filed a motion to redact portions of their opposition to Plaintiff's motion for preliminary injunction, as well as to file certain exhibits under seal (i.e., ECF Nos. 96, 100-03). *See* ECF No. 95. Plaintiff supplemented and elaborated on Defendants' motion in its own letter. *See* ECF No. 104. On January 5, 2024, Plaintiff filed a motion to redact portions of documents filed in support of its motion for preliminary injunction (i.e., ECF Nos. 113, 115, 117). *See* ECF No. 112. Defendants joined portions of this motion via their own letter. *See* ECF No. 122 (requesting that the Court accept some but not all of the proposed redactions of ECF Nos. 113 and 117, as well as grant the parties' request to allow ECF Nos. 117-1 through 117-4 to remain under seal).

On June 17, 2024, the Court issued an Opinion and Order that, *inter alia*, denied Plaintiff's motions for preliminary injunction and default judgment, without prejudice to renewal, pending Plaintiff's effectuation of service that complies with the Hague Convention and/or Rule 4(f).[1]  *See* ECF No. 126.

## LEGAL FRAMEWORK

The Court applies a three-part inquiry to determine whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[2]  First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87.  A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Olson*, 29 F.4th at 87-88.  "The presumption of public access exists along a continuum.  The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties."  *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

[2] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

## APPLICATION

There can be no doubt that the documents at issue are judicial documents, because they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Accordingly, the presumption of public access attaches to all documents discussed herein. *Lugosch*, 435 F.3d at 123. Turning to the second *Olson* factor, i.e., the weight of the presumption, the documents were filed in connection with dispositive motions;[3] accordingly, the weight of the presumption of public access is especially strong. *See* 29 F.4th at 90 (A "strong presumption attaches to materials filed in connection with dispositive motions."). The Court therefore focuses its analysis on the remaining *Olson* factor.

---

[3] Although motions for preliminary injunctions do not typically result in the disposition of a case in its entirety, they are often treated as "dispositive matters." *See Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y.) (citing cases), *aff'd*, 45 F. App'x 59 (2d Cir. 2002).

A. **Motion to Redact and Seal Documents related to the Motion for Default Judgment (ECF No. 83)**.

For the reasons discussed herein, Plaintiff's motion to redact/seal ECF Nos. 86, 88, and 90 is **GRANTED**.

"The privacy interests of innocent third parties should weigh heavily in a court's balancing equation. . . . The job of protecting such interests rests heavily with the trial judge, since all the parties who may be harmed by disclosure are typically not before the court." *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990). Here, Plaintiff "seeks to redact the terms of confidential settlement agreements that it entered into with other infringers and the terms of an ex-ante patent license that it executed in relation to similarly patented technology," and it seeks to "file the sales data that Amazon produced under seal because Amazon marked that data as confidential." ECF No. 83. If disclosed, Plaintiff contends that such material would "harm the third parties who bargained for confidentiality, give competitors an unfair advantage, and hurt Spin Master's competitive market position." *Id*.

The Court has reviewed the documents at issue. Each implicates the interests of innocent third parties not presently before the Court. Given the heavy weight placed on their interests, the Court determines that that the right to public access to these documents is outweighed. Accordingly, ECF Nos. 86, 88, and 90 shall remain redacted/sealed, and the motion at ECF No. 83 is granted.

B. **Motions to Redact and Seal Documents related to the Motion for Preliminary Injunction (ECF No. 95, 112)**.

For the reasons discussed herein, the motions to redact/seal ECF Nos. 96 and 100 through 103 (i.e., ECF No. 95) and to redact/seal ECF Nos. 113, 115, 117 (i.e., ECF No. 112) are **GRANTED**.

**ECF No. 95**.[4]  Plaintiff argues that ECF Nos. 100 and 101 should remain under seal because "Spin Master marked these documents ATTORNEYS EYES ONLY under the Protective Order because they reveal the ways in which Spin Master combats infringers, including the specific people within Walmart and Amazon with whom they deal."  ECF No. 104 at 1 (citing the Protective Order at ECF No. 54).  Plaintiff further marked ECF Nos. 102 and 103 as "CONFIDENTIAL under the Protective Order."  *Id*.  Because the redactions within ECF No. 96 are references to ECF Nos. 100 through 103, which Plaintiff believes should be filed under seal, Plaintiff contends that ECF No. 96 should remain redacted.  *See id*. at 2.

District courts may "issue protective orders forbidding dissemination of certain material to protect a party or person from annoyance, embarrassment, oppression, or undue burden and require that filings containing such material be submitted under seal."  *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019).  And as discussed, the Court places "heavy" weight on the interests of third parties.  *See In re Application of Newsday, Inc*., 895 F.2d at 79.  The Court has once again reviewed the documents at issue and determined that they implicate the interests of innocent third parties not presently before the Court.  Given the heavy weight placed on those parties' interests, the Court determines that the right to public access to these documents is outweighed.  Accordingly, ECF Nos. 100 and 101 shall remain sealed, and the motion at ECF No. 95 is granted.

**ECF No. 112**.  In support of its motion to redact/seal ECF Nos. 113, 115, 117, Plaintiff argues in essence that the presumption of public access is overcome by its business interests and

---

[4] Defendants filed the motion to redact and seal the relevant documents.  *See* ECF No. 95.  However, they expressly did so only to meet their obligations under the Protective Order.  *See id*.  Defendants clarified that they "do not believe that these documents should be filed under seal."  *Id*.  Accordingly, the Court considers arguments raised by Plaintiff in support of the motion to redact and seal.  *See* ECF No. 104.

5

trumped by the parties' Protective Order.  *See* ECF No. 112.  Defendants have supplemented Plaintiff's motion, citing relevant caselaw and underscoring that courts in this district have upheld redactions to confidential sales information like those present here, as the benefits of public disclosure are outweighed by the competitive harm to the parties.  *See* ECF No. 122 (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("[C]ommonly sealed documents include those containing . . . revenue information, pricing information, and the like[.]"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (allowing documents containing confidential business information, including sales and profit margins, to be filed under seal as the disclosure of such information "would cause competitive harm")).

The Court agrees with Defendants and incorporates by reference their analysis.  The remaining requests implicate innocent third parties and will remain redacted/sealed for the reasons explained in the previous two sections.  Accordingly, ECF Nos. 113, 115, and 117 shall remain redacted/sealed, and the motion at ECF No. 112 is granted.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that the motions to seal are **GRANTED IN PART AND DENIED IN PART**.  Specifically:

- The motion to redact/seal at ECF No. 83 is **GRANTED**.
- The motion to redact/seal at ECF No. 95 is **GRANTED**.
- The motion to redact/seal at ECF No. 112 is **GRANTED**.

      The Clerk of Court is respectfully directed to close the motions at ECF Nos. 83, 95, and 112.

SO ORDERED.

Dated: June 28, 2024
       New York, New York

                                  DALE E. HO
                          United States District Judge