



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Sandra A. Hudak
Partner
212-216-1174
shudak@tarterkrinsky.com

**Via ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　　December 23, 2024

The Honorable Dale E. Ho, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 905
New York, NY 10007

　　　　Re:　*Spin Master, Ltd. v. Aomore-US et al.*, Case No. 1:23-cv-07099-DEH
　　　　　　　Motion for Leave to File Redacted Documents and to File Documents Under Seal

Dear Judge Ho:

　　　　We represent Defendants Leqiong, Monkki, Onecemore, Yucmed Store, and Chenghai Lucky Boy Toys Co., Ltd. (collectively, "Defendants")[1] in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, Defendants submit this letter motion to request a redaction to their opposition to Plaintiff Spin Master, Ltd.'s ("Plaintiff") motion for a preliminary injunction ("Opposition").

　　　　In reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether the "the factors that legitimately counsel against disclosure of the judicial document" outweigh the presumption of access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

　　　　Here, page 19 of the Opposition includes a reference to financial information that Plaintiff sought to seal in its opening motion papers. (*See* ECF No. 143 at 14; ECF No. 145, ¶ 19.) Defendants do not believe that this information should be filed under seal given that Spin Master publicly reports its revenue information. (*See* Exhibits 19 & 20 submitted in support of Defendants' Opposition.) Nevertheless, Defendants seek to file the unredacted version of its Opposition under seal given Plaintiff's designation of this information as confidential. (*See* ECF No. 140 at 1.) Pursuant to Your Honor's Individual Rule 6(d)(i), Defendants will notify Plaintiff that it must file a letter explaining the need to seal the above-referenced documents.

---

[1] As previously noted, Defendants note that there are minor differences between the parties' legal business names and the party names listed by Plaintiff on the First Amended Complaint (ECF No. 136) and in the ECF filing system. Here, and for all future filings in this action, we will refer to four of the Defendants by their Amazon seller names and Chenghai Lucky Boy Toys Co., Ltd. by its legal business name.

In view of the foregoing, Defendants respectfully request the Court grant their motion to redact specific financial information on page 19 of their Opposition brief.

Respectfully submitted,

*s/ Sandra A. Hudak*

Sandra A. Hudak

Application GRANTED. For substantially the reasons set forth in the endorsed letter, Defendants' request to maintain ECF No. 152 under seal is granted. A redacted version of this document may be found on the public docket at ECF No. 153. The Court finds that the proposed redactions are narrowly tailored to serve interests sufficient to rebut the presumption of public access. See Order, ECF No. 127.

The Clerk of Court is respectfully directed to terminate ECF No. 151.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: September 30, 2025
New York, New York