**Andrew D. Skale**
858 314 1506
adskale@mintz.com



MINTZ

3580 Carmel Mountain Road
Suite 300
San Diego, CA  92130
858 314 1500
mintz.com

December 26, 2024

Honorable Judge Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Court Room 905
New York, NY 10007

Re:     *Spin Master, Ltd. v. Aomore-US*, Case No. 23 Civ. 7099 (DEH),
          **Request to Maintain Sealing of Plaintiff's Confidential Sales Data**

Dear Judge Ho:

On behalf of plaintiff Spin Master, Ltd. ("Spin Master"), we write pursuant to the Court's Rule 6(d) to request that the Court maintain the redaction of Plaintiff's confidential sales figures for the same reason that it previously sealed this data. *See* ECF 127.

As Defendants have indicated by letter dated December 23, 2024 (ECF 151), page 19 of their opposition includes a reference to the sales data that Plaintiff sought to seal in connection with its opening papers on its renewed motion for a preliminary injunction. The Court previously authorized the redaction of Spin Master's sales information. *See* ECF 127 (citing *Kewazinga Corp. v. Microsoft Corp.,* No. 18 Civ. 4500, 2021 WL 1222122, at \*6 (S.D.N.Y. Mar. 31, 2021) ("[C]ommonly sealed documents include those containing . . . revenue information, pricing information, and the like[.]"); *Skyline Steel, LLC v. PilePro, LLC,* 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *Avocent Redmond Corp. v. Raritan Americas, Inc.,* No. 10 Civ. 6100, 2012 WL 3114855, at \*16 (S.D.N.Y. July 31, 2012) (allowing documents containing confidential business information, including sales and profit margins, to be filed under seal as the disclosure of such information "would cause competitive harm")).

Defendants assert (ECF 151 at 1) that the sales figures specific to one toy should not be deemed confidential because Spin Master "publicly reports it revenue information." However, the public filings that Defendants cite do **not** include revenue attributable to specific products. At most, revenue is broken down between toys and digital products (*see* ECF 155-10 at 16) and, as to toys, between "Preschool and Dolls & Interactive," "Activities, Games & Puzzles and Plush," "Wheels & Action," and "Outdoor" (ECF 155-11 at 4). Thus, the detailed sales figures specific to the product at issue in this case are confidential.

---

BOSTON   LOS ANGELES   MIAMI   NEW YORK   SAN DIEGO   SAN FRANCISCO   TORONTO   WASHINGTON

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**MINTZ**



December 6, 2024
Page 2

Accordingly, Spin Master requests that the Court maintain the redaction and/or sealing of these sales figures.

Respectfully submitted,

Andrew D. Skale
Member

cc:     Counsel of Record (via ecf)

512619458v.1

Application GRANTED. For substantially the reasons set forth in the endorsed letter,  Plaintiff's request to maintain ECF No. 152 under seal is granted.  A redacted version of this document may be found on the public docket at ECF No. 153. The Court finds that the proposed redactions are narrowly tailored to serve interests sufficient to rebut the presumption of public access.  See Order, ECF No. 127.

The Clerk of Court is respectfully directed to terminate ECF No. 157.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: September 30, 2025
New York, New York