

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Sandra A. Hudak**
Partner
212-216-1174
shudak@tarterkrinsky.com

**Via ECF**  December 27, 2024

The Honorable Dale E. Ho, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 905
New York, NY 10007

Re: *Spin Master, Ltd. v. Aomore-US et al.*, Case No. 1:23-cv-07099-DEH
Joint Motion for Leave to Seal ECF No. 150 and File Redacted Version

Dear Judge Ho:

We represent Defendants/Counterclaimants Leqiong, Monkki, Onecemore, and Yucmed Store and Defendant Chenghai Lucky Boy Toys Co., Ltd. (collectively, "Defendants")[1] in the above-referenced matter. We write, jointly with counsel for Plaintiff/Counterclaim-Defendant Spin Master, Ltd. ("Plaintiff"), to request that ECF No. 150 be maintained under seal and that Defendants be permitted to file the attached version, which redacts Paragraph 61 of the Counterclaims, as the publicly-available version of the Counterclaims.

By way of background, on December 16, 2024, Defendants filed their Answer to the First Amended Complaint as ECF No. 150, in which the Amazon seller defendants included Counterclaims. On December 19, 2024, counsel for Plaintiff wrote to Defendants' counsel, raising a confidentiality issue with the text of Paragraph 61 of the Counterclaims. Although Defendants dispute that any of the text in Paragraph 61 of the Counterclaims is confidential, Defendants contacted the Court and requested that ECF No. 150 be temporarily placed under seal. For purposes of resolving the dispute raised by Plaintiff, Defendants also consent to maintaining ECF No. 150 under seal, and having the attached redacted version be filed as the publicly-available version of the document. Nonetheless, Defendants dispute Plaintiff's assertions below, at least because the contents of Paragraph 61 are (i) based on Defendants' own knowledge; and (ii) concern non-confidential "communications between Spin Master (or its counsel) and Walmart and Amazon respectively concerning Spin Master's efforts to enforce its patent rights." (ECF No. 104; *see also, e.g.*, ECF No. 144 ¶ 31 (Plaintiff admitting that it submitted complaints to Amazon).)

---

[1] As noted in the attached Answer, Defendants note that there are minor differences between the parties' legal business names and the party names listed by Plaintiff on the First Amended Complaint (ECF No. 136) and in the ECF filing system. Here, and for all future filings in this action, we will refer to four of the Defendants by their Amazon seller names and Chenghai Lucky Boy Toys Co., Ltd. by its legal business name.

Plaintiff maintains that Paragraph 61 of the Counterclaims should be maintained under seal because it purports to summarize the contents of two sealed exhibits that Spin Master marked ATTORNEYS EYES ONLY under the confidentiality order. Indeed, the Court sealed the exhibits referenced in Paragraph 61 on June 28, 2024. *See* ECF No. 127. Moreover, the Confidentiality Order plainly requires any purported summaries of ATTORNEYS EYES ONLY information to be redacted and withheld from public view. *See* ECF No. 54 at ¶ 7 ("Information designated as 'ATTORNEYS EYES ONLY' and **any summaries** or reproductions of the information shall not be disclosed to any person except the persons identified in subsections (b) through (h) of Paragraph 6.") (emphasis added). As such, it is Plaintiff's view that including such summaries in a public filing violates the Confidentiality Order and this Court's prior sealing order.

Accordingly, Plaintiff and Defendants respectfully request the Court enter an Order (1) directing that the Clerk of Court maintain ECF No. 150 under seal, and (2) permitting Defendants to file the attached redacted version as the publicly-available version of Defendants' Answer and Counterclaims.

Respectfully submitted,

*s/ Sandra A. Hudak*

Sandra A. Hudak

Application GRANTED. The parties' joint request to maintain ECF No. 150 under seal is granted. As an initial matter, the Court notes that the "designation of a document as confidential under a protective order, by itself, is not sufficient to permanently seal a document." Renois v. WVMF Funding, LLC, No. 20 Civ. 9281, 2025 WL 863714, at *1 (S.D.N.Y. Mar. 19, 2025). Nevertheless, for reasons articulated in the endorsed letter, the Court finds that the proposed redactions are narrowly tailored to serve interests sufficient to rebut the presumption of public access. See Order, ECF No. 127.

Defendants shall file the redacted version of its Answer and Counterclaims within ten (10) days of this Order.

The Clerk of Court is respectfully directed to terminate ECF No. 158.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: September 30, 2025
New York, New York